# Exchange National Bank of Spokane v. Clement.

## Attachment Suit.

1. *Attachment against non-resident; traversing ownership of property levied on.*—In an action against a non-resident, commenced by attachment, if the levy is not fictitious, merely colorable, a fraud on the jurisdiction of the court, the defendant cannot, as a ground for abating or dissolving the attachment, or discharging or vacating the levy, traverse the ownership of the property levied on, or deny that he has a leviable interest therein.

2. *Colorable or fictitious levy of writ of attachment; what is not.*—Where a writ of attachment, sued out against a non-resident, was levied on real estate which the defendant had recently conveyed, after the debt to plaintiff had been contracted, and the levy was made in good faith, the purpose being to contest the validity of the conveyance of the property levied on, the levy was not fictitious or merely colorable.

3. *Special appearance of defendant in attachment; effect of.*—In an attachment suit against a non-resident, the appearance of the defendant by counsel for the single purpose of moving the discharge of the levy and dissolution of the attachment is not a general appearance, and does not dispense with the necessity of giving the statutory notice by publication (Code, § 2936.)

4. *Attachment suit; when personal judgment cannot be rendered against defendant.*—In an action against a non-resident, commenced by at-

[Exchange National Bank of Spokane v. Clement.]

tachment, there cannot, without a personal appearance, be a personal judgment rendered against the defendant. In such case, the judgment rendered has no effect beyond the property attached, and the statute (Code, § 3003) authorizing execution on the judgment to be levied on other property of the defendant does not apply.

APPEAL from the City Court of Montgomery.
· Tried before the Hon. THOMAS M. ARRINGTON.

W. A. GUNTER, for appellant.—An attachment, unless there is personal service, or a voluntary appearance, is strictly a proceeding *in rem*, notwithstanding its form is *in personam*, and is operative only on and against the the property seized.—*Heidritta v. Elizabeth Oil Cloth Co.*, 112 U. S. 300. A long line of authorities hold that such a judgment is an absolute nullity as fixing a personal liability beyond the proceeds of the property attached.—*Pennoyer v. Neff*, 95 U. S. 714; *Brooklyn v. Ins. Co.*, 99 U. S. 363; *Ins. Co. v. Bangs*, 103 U. S. 441; *St. Clair v. Cox*, 106 U. S. 350; *Hart v Sanson*, 110 U. S. 155; *Smith v. Woolfork*, 115 U. S. 149; *Renard v. Abbott*, 116 U. S. 288; *Framan v. Alderson*, 119 U. S. 188. The proceeding in attachment without personal service being only to condemn the property interest of the defendant in the thing levied on, whatever it may be, and as the ground of attachment can not be raised in that suit, and as third persons can not be affected without an opportunity to defend, nor the defendant, unless he has a property interest, it seems evident that the only pleas or defenses open to the defendant are those going to the action. This court has held that a plea in abatement, that the defendant had no property in the things levied on, could not be supported in such a proceeding.—*Harrison v. Jacobson*, 51 Ala. 186. It would seem that a motion raising the same point could not be maintained. The case of *Abraham v. Nicrosi*, 87 Ala. 173, when correctly interpreted and understood, is directly in point.

The question of property *vel non* of the defendant in the real estate levied on depended on the *bona fides* of the conveyance of the property by the defendant. It would seem quite out of the question to try such an issue without a jury and in the absence of the alleged fraudulent grantee; and, above all, to hold, as the lower court

did, that a conveyance of land was good against existing creditors without proof of any consideration passing between the grantor and grantee.

None of the authorities relied on by the counsel for ·the appellee go beyond holding that if any irregularity exists, or if the levy is only colorable, which itself is an irregularity,—the defect may be reached by motion, or plea in abatement. There is no evidence or suggestion that anything of the sort exists in this case.

All appearances become general unless some special defense defeats the action. As each special defense fails, the judgment is, *respondeat ouster*, and, in contemplation of law, the defendant now, as at common law, continues in court to the final judgment. In this case, the motions interposed by the defendant being overruled, as they should have been, the defendant would still be and remain in court until the action was disposed ·of, and would be driven to her successive defenses.

G. H. PATRICK, also for appellant.

A. A. WILEY, *contra*.—The defendant's appearance was special, and limited to the motion made.—Waples on Attachment, pp. 388, 389, 311, 312. When the defendant objects to the jurisdiction, because he was not served, he can not be held thereby as responding to the attachment writ and submitting to the jurisdiction—*Lee v. O'Shanney*, 20 Minn. 173; *Michel v. Stork*, 44 Mich. 2; *Cedar Hill Mining Co. v. Atle*, 15 Nev. 302; *Steamboat Co. v. Clyde*, 51 Md. 174. The motion was rightly made by the defendant, and could have been made by a stranger to the suit as an *amicus curiae.—Planters & Merchants Bank of Mobile v. Andrews*, 8 Port. 404. The correct practice was followed.—Waples on Attachment, 427; *Rich. v. Thornton*, 69 Ala. 473; *Johnson v. Hanna*, 66 Ala. 127; *Adair v. Stone*, 81 Ala. 113; *Steadham v. Parish*, 93 Ala 465.

The court was without jurisdiction if the property levied on did not belong to the defendant; and the question of want of jurisdiction, raised by the motions of the defendant, was for the court to decide, without the intervention of a jury.—*Campbell v. Morris*, 3 Harris & McHenry, 552; 1 Wade on Attachment, § 291; *Ranahan*

*v. O'Neale*, 6 Gill & .John. 301; *Abraham v. Nicrosi*, 87 Ala. 178.

BRICKELL, C. J.—The appellant, a corporation having its domicil in the State of Washington, on the 23rd day of March, 1894, sued out a writ of attachment against Emma Clement, a resident citizen of the same State, returnable into the city court of Montgomery, which was on the day of its issue by the sheriff levied on certain real 'estate, situate in the city of Montgomery, as the property of the defendant; and, with the levy thereon endorsed, was duly returned into the city court. At the return term, an attorney, appearing specially for the defendant, moved the court to discharge the levy of the attachment, upon the sole ground that the real estate levied on was not the property of the defendant, but was the property of one Catharine Dreher. In support of the motion, the defendant introduced in evidence a deed, by which she and her husband, on the 26th day of February, 1894, on a *recited consideration* of twenty-five hundred dollars, conveyed the real estate to said Catharine. The execution of the deed and its registration, that it *recited* a consideration of twenty-five hundred dollars, and that the grantee had been from the day of execution in· continuous possession of the real estate, were facts admitted. It was, for the purposes of the motion, further admitted that the grantee had been a resident citizen of the city of Montgomery for twenty-five years, and at the execution of the deed was without knowledge of the indebtedness of the defendant on which the attachment is founded. The indebtedness was evidenced by the records of duly certified personal judgments against the defendant in the superior court of Spokane county, State of Washington, the one for $2,540.31, and the other for $94.47, rendered prior to the conveyance. The city court granted the motion, and rendered judgment discharging the levy and dissolving the attachment, to which the appellant excepted. The appellant moved for judgment by default, and also for judgment by *nil dicit*, against the defendant, but the motions were overruled, and exceptions reserved. The rendition of judgment discharging the levy and dissolving the attachment, and overruling the motion for judgment, form the matter of the assignments of error.

18

The argument in support of the rulings of the court below, discharging the levy and dissolving the attachment, is that the statutes authorize the rendition of a personal judgment against a defendant in attachment, and not a mere judgment of condemnation of the property on which the levy is made. That on the judgment execution may issue, which may be levied and satisfied from any property of the defendant, the subject of levy and sale under legal process. Code, § 3003. As this is the nature and operation of the judgment, the argument proceeds, that if the defendant can not, in opposition to the attachment, contest his ownership of the property, he may be subjected to a personal judgment, though he has not in the property a leviable interest. Reserving for future consideration the nature and effect of the judgment which may be rendered in the case before us, an attachment to enforce payment of a debt, by a non-resident against a non-resident of the State, we will consider the argument as it is presented; for, if it be sound, it must prevail in all suits by attachment under the general statutes authorizing the remedy.

As the leading process in the commencement of an action at law, an attachment executed by a levy upon the property real or personal of the defendant, or by the summons of a garnishee, a supposed debtor of the defendant, or custodian of his property or effects, the levy or summons standing in the place of personal service of process, was unknown to common law; it is strictly, purely, of statutory creation. Deriving existence from statute, its scope and effect must be measured by the law of its creation. The purpose and essence of the remedy, as created and regulated by the general statutes, is to establish by judgment a claim or debt against the defendant, and to subject to the satisfaction of the judgment property or effects within the territorial jurisdiction of the court.—*Phillips v. Ash*, 63 Ala. 419.

If there be irregularity apparent on the face of the writ or defect in the affidavit or the bond which must attend its issue, the statutes contemplate that advantage of the irregularity or defect shall be taken by a plea in abatement, though the court may, in its discretion, entertain a motion to quash, as the substitute of a plea. Code, § 2997; 1 Brick. Dig. 157, § § 30–63; 3 Brick. Dig. 55, § § 37–39. But if there be no such irregularity

·or defect or if advantage of it be not claimed within the time appointed for pleading in abatement, it is apparrent the statutes contemplate that after the levy, or the summons of the garnishee, the suit shall proceed, as if it had been commenced and the defendant brought into court by the personal service of process, except in certain contingencies or events; references to which will be presently made. Unless the debt or demand sought to be enforced be payable in the future, the plaintiff must, within the first three days of the return term, file his complaint; if the debt or demand be payable in the future, the complaint must be filed when it becomes due and payable. The express declaration of the statute is that, if the defendant appears and pleads, the cause proceeds as in suits commenced by summons and complaint; if he fails to appear, or appearing, fails to plead within the time required by law, the plaintiff is entitled to judgment by default or *nil dicit* Code, § 2995–96. The pleas to which the statute refers are pleas in bar of the action, not pleas in abatement, for these latter pleas are specially provided for in the succeeding section of the Code.

A traverse of the causes for which the attachment may be issued the statute prohibits, manifesting the legislative intent to free the suit from all merely collateral issues. Code, § 2999. And if such issues arise between the attaching creditor and a stranger claiming personal property on which levy is made, or by reason of the contest of the answer of the garnishee, or of claims of right or interest in the debt or effects sought to be reached by garnishment, and there be not other property attached, or effects garnished, judgment against the defendant in attachment cannot be rendered until these issues are determined. Code, § 3000. Reading these statutory provisions in connection, they define and declare the scope of the issues which may be raised in the attachment suit, when and by whom they may be raised, and when, and the character of, the judgment which may be rendered.

If the levy of an attachment be not fictitious, merely colorable, a fraud on the jurisdiction of the court, that the defendant may not, as ground for abating or dissolving the attachment, or discharging or vacating the levy, traverse the ownership of the property on which the

levy is made, or deny that he has therein a leviable interest, has been the settled doctrine of this court since the case of *King v. Bucks*, 11 Ala. 217, which was approved and followed in *Sims v. Jacobson*, 51 Ala. 186. Such traverse is not within the scope of the issues for which the statutes provide. It is founded on matter *dehors* or extrinsic to the attachment; presents an issue essentially merely collateral, in disputation of the return made by the officer, and which, if sustained, would be triable by the court alone. So far as we can ascertain, there is no jurisdiction in which such a traverse is entertained.—Drake, Att. § 418; Waples, Att. (2nd ed.) § 574; *Campbell v. Morris*, 3 Harris & McHenry, 535–576; *Langdon v. Conklin*, 10 Ohio St. 439; *Mitchell v. Skinner*, 17 Kansas, 563. In *Campbell v. Morris, supra*, the attachment was levied on an equity of redemption in lands, which was not, under the laws of Maryland, the subject of levy under legal process. The primary court, on motion of the defendant, discharged the levy. The Court of Appeals reversed the judgment, and rendered a judgment of condemnation. In *Langdon v. Conklin, supra*, the court disposed summarily of the motion to discharge the attachment, saying merely: "It is not competent for a defendant in attachment to move the court to discharge the attachment on the ground that the property attached does not belong to him." In *Mitchell v. Skinner, supra*, the attachment, as in this case, was levied on real estate, and the motion was to vacate the levy on the ground of a want of title in the defendant. The court said: "We do not think it is competent for a defendant to move the court to discharge an attachment, or set aside a levy under execution, on the ground that the property attached, or levied upon, does not belong to him."

When it is said that a fictitious, colorable levy is a fraud on the jurisdiction of the court, against which the court has inherent power to protect itself, while the proceedings are *in fieri*, it is intended that the levy must be feigned, unreal. There must be deceit, a want of good faith, imputable to the plaintiff in the process, or to the officer making the levy, from which the plaintiff claims benefit, or in which he participates. There must be knowledge that the property is not the property of the defendant, and, with that knowledge, the levy must be made with the intent to confer jurisdiction on the

court. The case of *Grier v. Campbell*, 21 Ala. 327, is an illustration. There, the levy was made on a candlestick, the property of the attorney of the plaintiff, in his possession, and pointed out by him to the sheriff as the property of defendant. Such a levy is an abuse of the process of the court, and a fraud on its jurisdiction, and the court at any time, while the proceedings are *in fieri*, would not hesitate to vacate it.

Waiving all consideration of the want of interest of the defendant in such traverse; that if it be true, in point of fact, that the property belongs to a stranger, it is not his province or duty to protect or preserve it; and that the right of the stranger will not be affected or bound by the judgment,—this case is a striking illustration of the impropriety of such traverse. The levy was on real estate the defendant had conveyed not a month before the levy; after the debt of the plaintiff had been contracted, the conveyance reciting as its consideration the payment of the sum of twenty-five hundred dollars. The validity of this conveyance was of necessity involved in the motion to discharge the levy and dissolve the attachment. The court was invited, summarily, in a personal action, collaterally, in the absence of the party in interest, without the intervention of a jury, to inquire into and determine the title to land. The principle is elementary that, in personal or transitory actions, the title to land can not be drawn into dispute. The law has appointed the remedies by which adverse titles must be tried. 1 Smith Lead. Cases, 660; Sedgewick & Wait, Trial of Title to Land, § 176; *Cooper v. Watson*, 73 Ala. 252; *Fielder v. Childs*, Ib. 567. Suppose the plaintiff had entered into the contestation, and had shown the conveyance was fraudulent as to the creditor of the grantee, it would have been of no avail; would not have advanced the remedy, or rendered more efficacious the judgment which may be finally rendered. The grantee is not a party, and can not be made a party for the purpose of trying her title. As to her the judgment would have been *res inter alios acta*, and her right and title the subject of contestation only when it may be assailed in some of the modes the law appoints.

Attachments are often sued out and levied on personal property of which the defendant has made sale and conveyance, the purpose being to contest the validity of the

transfer. It can not be supposed the defendant, in opposition to the attachment, may deny or put in issue his right to the property, or its liability to the process. If he could, a trial of the right of property would be an incident of the attachment suit, and yet the judgment rendered would be of no force against the transferee of the property, who is not, and can not be made, a party to the suit, or intervene in the trial of the issue. The ownership of the property on which the levy may be made can not be matter of traverse in the attachment suit, whatever may be the form or mode in which the traverse is presented, whether it be by plea in abatement of the attachment, or motion to quash, or to dissolve, or to discharge or vacate the levy. The suit is incapable of proper constitution for the trial of such traverse or issue. Of course, we have no reference to claims of homestead, or of exemptions of personal property, for the contest of which .the statutes provide; nor do we refer to attachments sued out to enforce statutory liens on specific property, when the inquiry necessarily arises whether the property on which the levy is made is the property to which the statute attaches the lien.

There is no room in the present case for any imputation of the want of good faith in the plaintiff in causing the levy to be made on the real estate. An attachment was the only legal remedy by which, if the conveyance was fraudulent, the real estate could be reached. The admission, for the purposes of the motion, that the conveyance *recited* a consideration of twenty-five hundred dollars, was not an admission that the consideration was real, or adequate, or had been paid. The debt of the plaintiff having been contracted prior to, and existing at the time of, the conveyance, in any contestation of the validity of, the conveyance by and between the plaintiff and the grantee, the burden of proving that it was founded on a valuable consideration would rest on the grantee. The recital would be deemed the mere declaration or admission of the grantor, inadmissible as evidence against the plaintiff. 3 Brick. Dig. 520, §§ 173–74. It is obvious the levy was real, made in good faith, in pursuit of property supposed to have been fraudulently conveyed.

Against a non-resident of the State, if he does not

appear, judgment can not be rendered in an attachment suit until notice by publication has been given as prescribed by the statute. Code, § 2936. The appearance by counsel for the single purpose of moving the discharge of the levy and dissolution of the attachment was not a general appearance, dispensing with the necessity of the statutory notice by publication.—*Grigg v. Gilmer*, 54 Ala. 425. As this notice had not been given, the motions of the plaintiff for judgment final were properly overruled.

The theory of an attachment, whether it be process against or to subject the property or effects of a resident or non-resident of the State, as the remedy has been administered in this State, is that it partakes essentially of the nature and character of a proceeding *in personam*, and not of a proceeding *in rem*. The seizure of the property of the defendant by a levy, or of his effects by the summons of a garnishee, is as essential as is the service of summons to appear and defend when the suit is strictly and solely *in personam*. The levy, or the service of garnishment, it has been supposed would operate notice to the defendant, affording him full opportunity to appear and defend, upon the presumption, deemed just and reasonable, that he has actual or constructive possession of his property and rights or credits, which can not be disturbed by a seizure or levy of legal process without his knowledge, or without information coming to him, if he is of ordinary diligence in regard to his own interests. The complaint, the primary pleading, is filed in the same form, containing no other averments than are contained in the complaint when the suit is commenced by the issue and service of personal process; and, as we have seen, the issues pertaining to the suit are the issues pertaining to a suit *in personam*. The judgment rendered is general and personal, that the plaintiff have and recover of the defendant; and upon it and for its enforcement any process may issue which can issue upon a personal judgment, and is leviable upon any property of the defendant, the subject of levy and sale to satisfy a judgment.—*Betancourt v. Eberlin*, 71 Ala. 461. The theory, borrowed from judicial decision, has been introduced into the statute. Code, § 3003. While the presumption has been deemed just and reasonable that the seizure or levy would operate notice to the defendant, if he be a non-resident, for

his greater security and protection, the statutory requirement is that, prior to the rendition of a judgment, notice of the attachment and levy be given by publication for three weeks in some newspaper, "a copy of which must be sent by mail to the defendant, if his residence is known or can be ascertained." Code, § 2936. It is apparent the statutes intend an attachment, when the original process, shall serve a double purpose; first, giving notice to the defendant to appear and defend; second, the creation of a lien upon the thing attached, or the effects garnished, affording security to the plaintiff, if he succeeds in obtaining judgment. They were not intended to dispense with notice, an essential element of all judicial proceedings, operating upon parties personally. But they proceed upon the theory that the notice may not be of necessity *personal*, given by the personal service of process citing the party to appear and defend; that it is enough if it is fairly and reasonably probable that the notice prescribed will apprise the party proceeded against of the pendency of the suit, and of the consequent necessity for his appearance to make defense, if he is unwilling to submit to judgment.—*Eberlin v. Betancourt, supra.*

Not passing beyond the necessities of the present case, an attachment issuing against a non-resident of the State, we are constrained, in view of the decisions of the Supreme Court of the United States, to depart from the theory of an attachment which has prevailed. These decisions declare that, as to non-residents of the State, the jurisdiction of the court attaches only because of the power of the State over all property within its territory, and beyond binding and affecting the property attached, or the effects garnished, the jurisdiction of the court cannot extend, if there be not a personal appearance of the defendant. Of consequence, in such case, an attachment is a proceeding in the nature of a proceeding *in rem*, rather than that of a proceeding *in personam*.— *Cooper v. Reynolds*, 10 Wall 308; *Pennoyer v. Neff*, 95 U. S, 714; *St. Clair v. Cox*, 106 U. S. 350; *Freeman v. Alderson*, 119 U. S. 185; Cooley, Cons. Lim. (6th ed.), 498. The judgment rendered must correspond to the nature of the proceeding. Of necessity, it must ascertain and declare the amount of the debt, claim or demand sought to be enforced by the attachment; and this

must be ascertained and declared in the same mode and form as if the suit was *in personam*. There must follow a condemnation of the property attached, or of the effects garnished, and the judgment may be enforced by any appropriate process pertaining to the court. Speaking of the judgment, its operation and effect, it was said by Miller, J., in *Cooper v. Reynolds, supra*: "The judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the property attached is exhausted. No suit can be maintained on such a judgment in the same court or in any other, nor can it be used as evidence in any other proceeding not affecting the attached property; nor could the costs in the proceeding be collected of the defendant out of any other property than that attached in the suit." The hypothesis on which the court below proceeded, in entering and passing upon the inquiry of ownership of the property attached, and in discharging the levy and dissolving the attachment, is without foundation. There cannot, without a personal appearance, be a personal judgment rendered against the defendant. The judgment must be as we have described,—in its real operation, a judgment of condemnation of the property attached; and such judgment, if the defendant be not the owner of the property, or if it be not liable to the attachment, cannot by possibility work her injury.

The result is the judgment of the City Court must be reversed, a judgment rendered overruling the motions to discharge the levy and to dissolve the attachment, and the cause remanded for further proceedings in conformity to this opinion.