# DeArman *v.* Massey.

*Assault and Battery.*

(Decided July 2, 1907. 44 South. 688.)

*Attachment; Constructive Service; Judgment.*—Attachment proceedings are in rem and not in personam, and no valid personal judgment can be rendered unless the service is actual or personal as contradistinguished from constructive, whether defendant be a resident or a non resident.

APPEAL from Franklin Circuit Court.

Heard before Hon. JOSEPH H. NATHAN.

Action sounding in damages for assault and battery, begun by Nute Massey against Arthur DeArman. The proceedings were begun by attachment levied upon real estate on the ground that defendant was an absconder. The jury assessed the damages at $2,200.00, and the property attached was condemned for sale to satisfy the judgment, and also a personal judgment was entered against the defendant, although he had not been served with notice except by publication of notice of levy of the attachment. From this judgment defendant appeals. Reversed and remanded.

[DeArman v. Massey.]

ALMON & ANDREWS, for appellant.—The remedy by attachment was unknown to the common law and its provision should be strictly construed.—*Phillips v. Ashe*, 63 Ala. 419; *Pullman Car Co. v. Harrison*, 122 Ala. 49. The proceeding was in rem and no notice except notice of publication of the levy of attachment was given the defendant, and the court erred in rendering a personal judgment.—*Exchange Bank v. Clements*, 109 Ala. 270.

W. H. KEY, for appellee.—All presumptions in favor of the return of the sheriff are indulged.—*Fears v. Thompson*, 82 Ala. 294. All presumptions are indulged in favor of the jurisdiction of the court of record.—*White v. Simpson*, 124 Ala. 238. Property of defendant was levied on and he had notice thereof, and even on personal appearance could not have controverted that fact.—*Sims, et al. v. Jacobson*, 51 Ala. 186. The judgment only affects his interests in the property levied on and if it is not his property he cannot complain.—*Soulard v. Vacuum Oil Co.*, 109 Ala 387; *Bank v. Clements*, 109 Ala. 270.

McCLELLAN, J.—This is an action sounding in damages for an alleged assault and battery committed by appellant on appellee. It was begun by attachment, upon the ground that defendant was an absconder, and there was no personal service had on the defendant. Failing to appear, judgment by default was entered, and on writ of inquiry the jury assessed the damages at $2,200. Upon this finding the court rendered a personal judgment against the defendant for said sum and also condemned to sale the real estate levied on. It is, of course, fundamental that, without jurisdiction of the person obtained, a personal judgment against a defendant cannot be val-

idly rendered. To secure such jurisdiction the rule was, prior to *Bank v. Clement,* 109 Ala. 270, 19 South. 814, that notice implied in the levy, and service of notice in the manner prescribed of the levy, though such notice was not personally served on the defendant, availed to bring the defendant within the lawful powers of the court. This rule proceeded on the idea that the proceeding in attachment or garnishment was by nature in personam. Whatever may have been the wisdom and soundness of such a rule, long enforced by the courts of this state, the theory of attachments, in keeping with which the mentioned rule obtained, was entirely changed when the Supreme Court of the United States, in a cause in which a nonresident was the party defendant, declared a proceding in attachment or garnishment to be in rem, and not in personam. Accordingly, in *Bank v. Clement, supra,* this court yielding a proper influence to the announcement of the Supreme Court of the United States in a cause in which that court had superior and controlling jurisdiction, because of the nonresidence of a party therein, accepted the principle, and applied it in that case, viz., that without personal service a judgment in personam against a merely constructively served defendant or garnishee could not be validly rendered, but that the proceeding in attachment or garnishment being, in the absence of personal service, in rem, the power of the court in the given cause was strictly limited to the enforcement of the pressed demand by the subjection, if so entitled, of the property levied on to the satisfaction of the demand.

So we are not confronted with the alternative whether the rule established to the behoof of nonresidents shall be denied or applied to residents who are not personally served, but whose property is under the ban of process in

41  R

[DeArman v. Massey.]

attachment or garnishment in the courts of this state. The character of proceedings, attachment or garnishment, being fixed in rem, and not in personam, we think that the principle stated compels the conclusion that no jurisdiction to render a personal judgment can be validly acquired unless the service is personal and actual, rather than simply constructive. If any other view was entertained, an incongruous situation would result, to say nothing of the ignoring of the principle upon which the rule as to nonresidents is rested by the Supreme Court of the United States. To cling to the earlier rule followed in this state would extend to the nonresident an exception which our own courts would deny to our own citizens. Independent of the principle and its consequent rule, common fairness, if its recognition imparts no other principle, demands that we make no insidious distinction against citizens of this state. It would be the creation of an insufferable anomaly to hold that in one class of cases such proceedings were in rem, and in another in personam. And it may be here generally observed that where, in attachment or garnishment proceedings, no personal service was had, the trial court should, in accordance with its practices, ascertain the damages or debt to which the plaintiff is entitled, and then render a judgment only in condemnation of the property subject to be sold, the proceeds thereof to be applied to the satisfaction pro tanto of the ascertained debt or damages. Care should be taken to avoid the rendition of a personal judgment in the premises.—*Bank v. Clement, supra.*

There having been no personal service on the appellant, defendant below, the judgment was erroneously rendered, and so it must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.