# Southern Timber & Investment Co. v. Poe.

### *Attachment.*

(Decided Dec. 19, 1907. 45 So. Rep. 205.)

*Judgment; Service of Process; Notice.*—No valid personal judgment can be rendered against a non resident, in a suit begun by attachment, in the absence of appearance or plea by defendant, or unless the judgment entry shows the levy and proof of notice to the defendant of the attachment and suit.

APPEAL from Clarke Circuit Court.

Heard before Hon. John T. LACKLAND.

Action by Frank Poe against the Southern Timber & Investment Company. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

Frank Poe sued out an attachment against the Southern Timber & Investment Company, a nonresident, to enforce a money demand, which was levied on certain personal property and real estate described in the returns of the sheriff. What purports to be a nonresident publication, together with the affidavit of Isaac Grant that said notice was published in the Clarke County Democrat once a week for four successive weeks, beginning with the issue of, etc., appears in the record. The judgment entry is as follows: "This day came the plaintiff by his attorney, and defendant, having failed to file its plea in the time prescribed by law, wholly makes default. It is therefore considered, ordered, and adjudged by the court that the plaintiff have and recover of the defendant $102 damages, together with the costs in this behalf expended, for which let execution issue." Then follows a condemnation of the property levied on.

WILLIAM D. DUNN, for appellant. The notice being only constructive the facts constituting a compliance with the statute must be proven to and found by the court, and the record must show it.—*Dowe v. Whitman,* 36 Ala. 604; *Diston, et al. v. Hood,* 83 Ala. 331; *Meyer & Co. v. Keith,* 99 Ala. 519. There can be no personal judgment by default against a nonresident in an attachment suit on statutory notice.—*Bank v. Clement,* 109 Ala. 270; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268.

GUNN & TUCKER, for appellee. No brief came to the Reporter.

DENSON, J.—This suit was commenced by original attachment for the enforcement of a money demand. The affidavit for the attachment shows that the defendant is

[Ala. Nat. Bank v. C. C. Parker & Co.]

a nonresident of the State of Alabama. There was neither appearance nor plea for the defendant, but a personal judgment was rendered against it by default. There is no pretense that actual notice was given, nor does the judgment entry show any proof of constructive notice to the defendant of the issuance and levy of the attachment. There is in the transcript an affidavit by Isaac Grant as to the publication of notice; but neither the order of the court, nor anything else found in the record, makes it a part of the record, so it cannot be looked to in aid of the judgment, nor for any purpose. On the authority of *Diston & Sons v. Hood,* 83 Ala. 331, 3 South. 746, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.