# Southern Timber & Investment Co. *v.* Creagh.

*Attachment.*

(Decided Feb. 4, 1908. 45 South. 666.)

1. *Judgment by Default; Service of Process by Publication; Necessity of Proof.*—In an action begun by attachment against a non-resident defendant a judgment rendered by default, without appearance or plea by defendant, which does not show that proof was made of the facts required by section 531, Code 1896, is void.

2. *Same; Process to Support; Personal Service Necessary to Support Personal Judgment.*—No valid judgment in personam can be rendered in an attachment suit where the service is not personal, as attachment is a proceeding in rem.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by P. M. Creagh against the Southern Timber & Investment Company, a foreign corporation. From a default judgment for plaintiff, defendant appeals. Reversed and remanded.

[Southern Timber & Investment Co. v. Creagh.]

The action was begun by attachment, the affidavit for which discloses the fact that the defendant was a foreign corporation. The attachment was levied on a bay horse and certain other property described therein. Nonresident notice was given by publication for four successive weeks, beginning June 4, 1906. There was no appearance for defendant, and no pleas filed. The judgment is as follows: "Thursday, Oct. 25, 1906. Service proven, and judgment by default for plaintiff, and writ of inquiry, and damages assessed at $168.91. This day came the plaintiff and proves service of his complaint, and the defendant, having failed to file his pleas in the time prescribed by law, wholly makes default. It is therefore considered by the court that the plaintiff, P. M. Creagh, have and recover of and from the defendant, the Southern Timber & Investment Company, a corporation, $168.91 as damages assessed by the jury, together with the costs in this behalf expended, for which execution may issue." The judgment also contained a recital of the uncertainty of damages and writ of inquiry before a jury.

WILLIAM D. DUNN, for appellant. The notice being only constructive the facts constituting a compliance with the statute must be proven to and found by the court, and the record must show it.—*Diston v. Hood,* 83 Ala. 331; *Dowe v. Whitman,* 36 Ala. 04; *Mayer & Co. v. Keith,* 99 Ala. 519. Personal judgment by default cannot be rendered against a non-resident in attachment on statutory notice.—*Bank v. Clements,* 109 Ala. 270; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268.

WILSON & ALDRIDGE, for appellee. No brief came to the Reporter.

[Rayford v. Faulk.]

TYSON, C. J.—There are two reasons why the judgment appealed from must be reversed:

The first is: It is shown by the record that the judgment is against a non-resident, without appearance or plea by defendant, and it is not shown that proof was made to the court of facts requisite to constitute notice by publication, as required by section 531, Code 1896.— *Diston v. Hood,* 83 Ala. 331, 3 South. 746; *Trammell v. Guy,* 151 Ala. 311, 44 South. 37; *Southern Timber & Investment Co. v. Frank Poe,* 153 Ala. 595, 45 South. 205.

The second is: The judgment is in personam, instead of in rem. When the service is not personal, attachment proceedings being in rem, no valid personal judgment can be rendered.—*De Arman v. Massey,* 151 Ala. 659, 44 South. 688.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.