[Wheeler v. Strickland.]

# Wheeler *v.* Strickland.

*Ejectment.*

(Decided November 28, 1912.   60 South. 59.)

1. *Judgment; Collateral Attack; Attachment; Ejectment.*—The validity of the action of the court in vacating a judgment, rendered after a prior judgment condemning the land in attachment had been set aside, and in treating the prior judgment as reinstated and valid, by issuing a venditioni exponas thereon, followed by a sale and a deed, cannot be inquired into in a collateral proceeding in ejectment, though the title to the same property was involved, especially where such ejectment suit was not between those who were parties to the attachment proceeding.

2. *Judgment; Vacation; Right to Attack.*—Where a party who secures a judgment in attachment causes the same to be set aside, the purchaser at the sale held under a subsequent judgment therein could not subsequently question the validity of the court's action in setting aside the judgment.

3. *Same; Personal Judgment.*—A judgment in an attachment proceeding against a non-resident defendant who does not appear is not a valid personal judgment.

4. *Ejectment; Proof; Title.*—One who claims title through a sheriff's deed based .on a judgment rendered in an attachment proceeding has the burden of showing a valid judgment.

Appeal from Madison Circuit Court.

Heard before Hon. D. W. Speake.

Ejectment between E. R. Wheeler and Conrad Strickland. From a judgment for Strickland, Wheeler appeals. Affirmed.

The following is the agreed statement of facts: Conrad Strickland is in possession of the lands sued for as the tenant of Ida Cocroft, and he was so in possession at the time of bringing this suit. E. R. Wheeler claims to have acquired a one-third interest in the land under a proceeding in the circuit court of Madison county, as follows: January 28, 1904, the Far West Lumber Company commenced a certain suit by attachment in said court against one Lorren Coombs for an indebtedness

claimed to be due, which writ was levied upon said lands. A copy of the affidavits, writ of attachment, levy, and complaint is made an exhibit to the statement. Judgment was rendered against. Coombs May 26, 1904, for the sum of $2,597.47, besides the costs, and the lands levied on were condemned to the satisfaction of the judgment therein, as shown by the judgment entry and the bench notes. Thereafter venditioni exponas was issued by the clerk and delivered to the sheriff, but was returned by the sheriff not executed. On November 24, 1904, at a session of said court, the judgment heretofore rendered was attempted to be set aside, vacated, and annulled, and the court in said cause rendered judgment against the same defendant in favor of the same plaintiff in the sum of $2,600.47. A copy of this judgment is attached. December 26, 1904, venditioni exponas was again issued, directing the sheriff to sell said lands under said last judgment, and on Monday, January 13, 1905, the sheriff sold the said land, said E. R. Wheeler became the purchaser, and a deed was executed by the then sheriff conveying to said Wheeler the interest of said Coombs in said lands. At the May term, 1905, thereafter, defendant filed a motion to set aside and annul the judgment rendered November 30, 1904, and at said term, said motion coming on to be heard, the court declared said judgment to be null and void, and entered an order vacating and annulling the order and sale of the land. Copies of these orders are set out as exhibits. On May 27, 1905, plaintiff filed a motion to restore said cause to the trial docket, but the court denied the motion. Thereafter, on March 5, 1906, an alias writ of venditioni exponas was issued out of the circuit court to sell said lands on the judgment of May 26, 1904, and on Monday, April 9, 1906, the lands were sold, Wheeler becoming the purchaser and receiv-

ing a sheriff's deed therefor on June 26, 1906. It was further agreed that Coombs was seised and possessed of a one-third interest in fee simple in said land, and that on March 26, 1904, Coombs and his wife, by mortgage to secure an indebtedness of $1,000, conveyed the lands to Alexander Scott, which mortgage was duly recorded June 20, 1904. It was further agreed that on December 28, 1905, Ida Cocroft became the owner of said mortgaged indebtedness by assignment, and became seised and possessed of said mortgage, and that Coombs and his wife quitclaimed to her by deed such interest as they possessed, and that Scott also executed to said Ida Cocroft a deed, all of which papers appear to have been regularly filed and recorded.

COOPER & COOPER, for appellant. The judgment was rendered at a time when Madison county was in the so-called Sixteenth Judicial Circuit, the act creating which was declared unconstitutional.—*Bd. of Rev. v. Code,* 141 Ala. 126. The court has declared that judgments rendered at that time were valid, and that a subsequent judgment could not be rendered for the same cause of action.—*State ex rel. v. Speake, Judge,* 142 Ala. 87. If judgment No. 1 was valid therefore, appellant's right to recover cannot be questioned, and if judgment No. 1 is invalid, certainly No. 2 would be valid. In any event, the second judgment is valid as against collateral attack.—*White v. Simpson,* 107 Ala. 386; s. c. 124 Ala. 238; 23 Cyc. 1084.

R. E. SMITH, for appellee. The plaintiff in the first judgment had a right to have it set aside, and the court had authority to grant his request.—*Lee v. Houston,* 20 Ala. 301; *Kidd v. McMillan,* 21 Ala. 325. The second judgment fails to recite that defendant had notice

as required by section 2931, Code 1907, which rendered the judgment invalid.—*Wilmerding v. Corbin Banking Co.,* 126 Ala. 268; *Goodwater Warehouse Co. v. Street,* 137 Ala. 621.

MAYFIELD, J.—This is an action of statutory ejectment. It was tried by the court, without a jury, upon an agreed statement of facts. Of this statement the reporter will set out parts sufficient to show the merits of the controversy.

One Coombs was the common source of title. Appellant claimed title through two sheriff's deeds, one of date February 17, 1905, and the other of June 25, 1906. Both sales were under venditioni exponas, based upon the same attachment proceeding against Coombs, the common source of title, and in favor of the Far West Lumber Company. The attachment proceeding was instituted January 28, 1904, against Coombs, as a non-resident, and levy was made on the same date. Judgment was rendered, condemning the land, on May 26, 1904. This judgment was set aside, by the court rendering it, on November 24, 1904, and another judgment rendered of same date. On December 26, 1904, another venditioni exponas issued, under which the first sale was made of January 13, 1905, and deed was made of February 17, 1905. On May 17, 1905, the second judgment was vacated and set aside by the court rendering it. This was at the instance of the defendant in judgment. On May 27, 1905, plaintiff in judgment made a motion to set aside the order of vacation of May 17, 1905, and to reinstate and restore the judgment of November 24, 1904, which was vacated. This motion was denied, and no appeal, mandamus, or other direct proceeding was had or applied for; so there was on the face of the record, no judgment against Coombs

to support a sale. Notwithstanding this condition of the records, another venditioni exponas issued, and the second sale and deed followed. This was upon the theory that the first judgment was valid, and that the order of the court, made on plaintiff's motion, setting it aside and rendering another judgment (that of November 24, 1904), was void. This is the chief contention of the appellant. We cannot inquire as to this, in a collateral proceeding of ejectment, nor could the trial court so inquire or decide—especially in this suit of ejectment, between parties who were not parties to the attachment proceedings.

The appellant claimed through a sheriff's deed; and, to support it, it was incumbent upon him to show a valid judgment—which he failed to do, unless some of the orders or judgments of this court, setting aside previous judgments, were void. The parties to the attachment proceedings were present, and contested the granting of these orders vacating and annulling former orders and judgments; and no appeal was taken from such orders, nor were they attempted to be reviewed or corrected by any direct or extraordinary appropriate proceeding before a superior and revisory court. The parties to that proceeding having failed to take such action to correct or set aside the judgments and orders of the trial court, it cannot be done in a collateral proceeding between other parties, though the suit involves the title to property the subject-matter of the attachment proceedings.

Of course the original judgment—that of May 26, 1904—was not a valid personal judgment against the defendant; he being a nonresident and not appearing. —*So. Timber & Inv. Co. v. Creagh,* 154 Ala. 283, 45 South. 666; *De Arman v. Massey,* 151 Ala. 639, 44 South. 688. It shows on its face that it was ex parte,

[Wheeler v. Strickland.]

and in rem only, at best. The party interested in the judgment, the plaintiff, appeared in court, and on his motion it was set aside and annulled, and this long before the rights of the appellant attached. The plaintiff would not be heard to question the act of the court in doing that which he asked and sought; and certainly this appellant, who then had no rights or interest in the matter, existing or prospective, could not complain.

Whether the court properly rendered another judgment, after setting aside the first, we need not now inquire because it is agreed that before the rendition of the second judgment, and before the appellant acquired any interest in and to the property, the common source of title had mortgaged it to one Alexander Scott, through whom appellee claims title, and, further, because the second judgment was subsequently set aside, when both the plaintiff and the defendant were in court, and had been heard, and the court subsequently declined to reinstate the judgment, on the motion of plaintiff, and no appeal or other appropriate action was taken to have any of these orders or judgments revised, corrected, or annulled, but all were allowed to stand upon the record of the court, and are now standing there, as proper and valid judgments of a court of competent jurisdiction, and neither the trial court, nor this court on appeal, in a collateral proceeding, will attempt to revise or annul such proceedings.

We find no error in the record, and the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.