(91 South. 383)

## VISIBLE MEASURE GASOLINE DISPENSER CO. v. McCARTY DRUG CO.
### (4 Div. 940.)

(Supreme Court of Alabama.   Nov. 3, 1921.)

1. **Justices of the peace ⬥=197(1) — Proper remedy to review justice court judgment void on face of record.**

If the judgment of a justice of the peace appears and is void on the face of the record, common-law certiorari is the proper proceeding to review and annul.

2. **Justices of the peace ⬥=86(7)—On publication of notice of levy and mailing copy to nonresident defendant, property levied on may be legally sold.**

When attachment issues against the nonresident and is levied on his property and return thereof is made by the constable, the justice, under Code 1907, § 4730, subd. 10, should order that notice of attachment and return be given him by publication and copy thereof mailed to him, which by section 2931 must be done before property levied on can be legally condemned and sold.

3. **Justices of the peace ⬥=86(7)—Complaint in attachment against nonresident must state nonresidence.**

Notwithstanding that a formal complaint is unnecessary in justice court, where an attachment was begun against a nonresident in justice court, a complaint filed under Act Sept. 18, 1915 (Gen. Acts 1915, p. 604) §§ 1, 2, and 3, must set forth the fact of defendant's nonresidence, and a statement in the summons of such nonresidence of defendant is not sufficient.

4. **Justices of the peace ⬥=58(4) — Record must show jurisdiction of defendant to render default judgment valid.**

The record of judgment in attachment against a nonresident must show jurisdiction of defendant by compliance with the statute before a judgment by default in personam or in rem will be valid.

5. **Justices of the peace ⬥=122(2)—No personal judgment valid against nonresident defendant without record disclosing personal notice.**

Where attachment was begun against property of a nonresident defendant and a personal judgment secured together with a judgment in rem against his property, where the record failed to disclose personal notice to defendant, no personal judgment could be rendered against him.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

The Visible Measure Gasoline Dispenser Company applied to the circuit court of Geneva county for common-law of certiorari, to annul and vacate the judgment rendered by them in the justice court in which the McCarty Drug Company was plaintiff, and, the circuit court declining to grant the writ after a hearing on the merits, the petitioner appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and rendered.

Boswell & Ward, of Hartford, for appellant.

The justice court judgment was void, and should have been vacated and annulled. 173 Ala. 599, 56 South. 203; 1 Ala. App. 448, 55 South. 266; sections 2931 and 2962. Code 1907; Acts 1915, p. 604; 126 Ala. 168, 28 South. 711, 85 Am. St. Rep. 17; 151 Ala. 639, 44 South. 688.

J. N. Mullins, of Dothan, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J.   This is a petition by the Visible Measure Gasoline Dispenser Company against McCarty Drug Company for common-law writ of certiorari to review the proceedings in the justice of the peace court in the case of McCarty Drug Company against petitioner, and to declare the judgment rendered null and void.

[1] If the judgment rendered by the justice of the peace court appears and is, on the face of the record, null and void, common-law certiorari is the proper proceeding to review the record and to have the judgment annulled. Independent Pub. Co. v. Amer. Press. Co., 102 Ala. 475, 15 South. 947; Ex parte Allen, 166 Ala. 111, 52 South. 44.

The petitioner is a nonresident corporation.

The McCarty Drug Company, a partnership, brought suit for $91 against the petitioner in the justice of the peace court of C. A. Hardwick on February 20, 1919. It was commenced by summons and complaint filed that day and by affidavit for writ of attachment to issue, without giving bond, on the ground that defendant was a nonresident corporation. The writ of attachment was issued on the same day, and on February 26, 1919, it was executed by T. A. Windham, the special constable deputized by the justice of the peace, and he made the following return thereon:

"Executed the within attachment by taking into my possession the following property, to wit, one Visible Measure pump and piping and stand as property of the Visible Measure Gasoline Dispenser Co., Inc., a corporation under laws of Ky. this the 26th day of Feby. 1919, and written notice of the above levy was this day sent by me to the said Visible Measure Gasoline Dispenser Co., defendant.

"This the 26th day of Feby. 1919.

"T. A. Windham, Special Constable."

The record fails to show what written notice was sent by the constable to the petitioner; it fails to show where he sent it, to what post office address; it fails to show how he sent it, whether by hand or by mail. The record fails to affirmatively show that petitioner received any notice of the levy from the constable.

[2] When an attachment is issued against a nonresident defendant, and it is levied on property of defendant, and return thereof is made by the constable on the attachment, the justice of the peace under section 4730 of the Code of 1907, subd. 10, should order:

"That said notice of attachment and the return thereof be given to the [defendant] by publication once a week for three successive weeks * * * and a copy thereof mailed to the said defendant at his place of residence when known."

There is nothing in the record to disclose a compliance with this law giving the defendant notice, either by publication or by mail, of the attachment and return of the levy made thereon. It must be done before the property levied on can be legally condemned and sold. Section 2931, Code 1907; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 South. 640; Subdivision 10, § 4730, Code 1907.

[3] An act approved September 18, 1915, in General Acts 1915, p. 604, prescribes the manner of giving notice of any and all proceedings in the courts to nonresidents. Section 3 of this act provides:

"That when the address of such nonresident shall be unknown notice of the pendency of said suit or proceeding shall be given by publication as now required by law."

If the address is unknown, the complaint, under section 1 of the act, should so state,

and "oath shall be made that such address cannot be ascertained after reasonable effort." There is nothing in the record showing under oath that the post office address of the defendant is unknown and cannot be ascertained after reasonable effort, and nowhere in the record does it appear that notice of the pendency of the suit was given by publication to the defendant. Section 1 of said act requires the plaintiff to have set forth in his complaint "the fact of such nonresidence and whether the post office address is known and if known shall state it as fully as known." Section 2 of said Act of September 18, 1915 (Gen. Acts 1915, p. 604) reads as follows:

"That when the petition, complaint or bill of complaint sets forth the address of such nonresident a copy of the same shall be sent such defendant by registered mail, postage prepaid, marked 'for delivery only to the person to whom addressed' and return receipt demanded addressed to the clerk or register of the court in which the case is pending and such receipt when received in return shall be filed in the cause and shall be prima facie evidence of service thereof."

The complaint signed and filed by the plaintiff does not set forth that the defendant is a nonresident, that its post office address is known, and state it as fully as known, as required by this act. The complaint is silent, says nothing on these matters required by this statute. The affidavit sworn out for the issuance of the attachment declares that the defendant (petitioner here) is a nonresident corporation under the laws of Kentucky, but does not state whether its post office address is known or unknown.

The summons issued and signed by the justice of the peace addressed to the sheriff or constable of the county says:

"You are hereby commanded to summon Visible Measure Gasoline Dispenser Company of America, Inc., a corporation under the laws of Kentucky state, and whose address is Louisville, Ky., to appear before me on the 31st March, 1919, * * * to make answer to the complaint filed against it by McCarty Drug Company," etc.

This was issued February 20, 1919, by the justice of the peace.

This is a summons and not a complaint. The statute requires the complaint and not the summons should set forth that defendant is a nonresident, and to state its post office address, if known. The summons states it and the complaint fails to do so. "The complaint, which must in all cases accompany the summons, * * * and must be signed by the plaintiff or his attorney." Section 5327, Code 1907. And when the complaint is against a nonresident it must so state, and if its "post office address is known * * * shall state it as fully as known." Gen. Acts 1915, p. 604. It is true that sub-

division 2 of section 4730 of the Code of 1907 reads, in part:

"A formal complaint or declaration, unless otherwise provided, is not necessary for actions in justice court; a mere indorsement on the summons of the cause of action being sufficient."

Here a formal complaint is filed; the statute provides what it shall aver as to residence and post office address of defendant. It fails to do so. This renders it defective. Sections 1 and 2, p. 604, Gen. Acts 1915.

We find in the record a copy of a card which contains the following:

"Insured Parcel Return Receipt.

"Received from the postmaster the insured parcel described on the face of this card. Insured No. 257. Visible Measure Gas. Disp. Co. [Signature of Name of Addressee.] J. B. Kern. [Signature of Addressee's Agent.] Date of delivery, 3—11—1919. Postoffice Department. Penalty for private use to avoid payment of postage, $300. Parcel Post System. Official business Postmark of delivery office, Louisville, Mar. 11, 11:30 a. m. 1919. Insured parcel, 1 K. Y. Registered No. 257. Return to C. A. Hardwick, Postoffice at Hartford, 72965. State, Ala."

The transcript of the docket of the justice of the peace contains this:

"3—11—1919. Notice of attachment and summons and complaint delivered to defendant as evidenced by return card from registered letter."

This is not signed by the justice of the peace. The return card does not show what the registered parcel to defendant contained, if anything.

The plaintiff should have averred in the complaint the post office address of the defendant. Section 2, p. 604, General Acts 1915. It failed to do so. When the complaint sets forth the address of the nonresident, a copy of the same shall be sent such defendant by registered mail, postage prepaid, marked for delivery to the person to whom addressed, and return receipt demanded, addressed to the clerk of the court—here the justice of the peace—in which the case is pending, and such receipt when received in return shall be filed in the cause, and shall be prima facie evidence of service thereof. Section 2 of said act.

[4] The receipt in the file, with the complaint failing to set forth the address of defendant, does not show a compliance with the statute and fails to make out a prima facie case of service of copy of complaint on defendant as the statute requires. The summons and complaint contains no indorsement thereon, and there is no certificate in the file, signed by the justice of the peace, stating in substance that a copy of the summons and complaint was sent the defendant by registered mail and the return receipt in the file was received for it. The above statement on the docket of the justice of the peace does not affirmatively show a compliance with the statute. We cannot presume from the return card a prima facie case of service of notice as the complaint fails to set forth the address of the defendant, a nonresident. The record must affirmatively show jurisdiction of defendant by compliance with the statute before a judgment by default against the defendant, in personam or in rem, will be valid under examination on appeal by common-law certiorari.

The justice rendered the following judgment in this case:

"4—14—1919. On this date came plaintiff, and the defendant on being called came not, but made default, and on introduction by the plaintiff of return card for registered letter or rather insured parcel return receipt signed by defendant's agent and on hearing the evidence of plaintiff it is the judgment of the court that the plaintiff have and recover of the defendant the amount sued for $91.00 and the costs expended and the property, to wit, one Visible Measure pump piping and stand, attached in this proceeding, is hereby condemned for the satisfaction of this judgment, for which execution may issue.

"C. A. Hardwick, Justice of the Peace."

[5] This judgment is personal against the defendant for $91 and costs, and it is also in rem against the property, condemning it for the satisfaction of the judgment. Neither the judgment in personam nor in rem is correct and proper in this case. The record fails to affirmatively disclose personal notice to defendant of the suit, and therefore no personal judgment can be rendered by default against it. Long v. Clarke, 201 Ala. 454, 78 South. 832. The record fails to affirmatively disclose notice of the pending suit to the nonresident defendant by publication or by registered mail as the statute provides; hence there can be no ascertainment of the debt due and condemnation of the property attached to its satisfaction. De Arman v. Massey, 151 Ala. 639, 44 South. 688; Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 South. 640; Independent Pub. Co. v. Am. Press Ass'n, 102 Ala. 475, 15 South. 947; De Jarnette v. Dreyfus, 166 Ala. 138, 51 South. 932; sections 4730 (subdiv. 10), 2931, Code 1907; Gen. Acts 1915, p. 604; Ex. Nat. Bk. v. Clement, 109 Ala. 270, 19 South. 814.

The judgment rendered by the justice of the peace is null and void. The petition for common-law writ of certiorari should be granted, and the judgment vacated and annulled in the justice court.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

GARDNER, J., concurs in conclusion.