(117 So. 31)

### STANDARD COOPERAGE CO. et al. v. GRANT et al. (2 Div. 913.)

Supreme Court of Alabama. May 10, 1928.

Rehearing Denied June 7, 1928.

Judgment ⬯17(1)—In absence of service on resident defendant and sufficient service by mail or publication on nonresidents, decree for complainants must be reversed (Code 1923, §§ 6535, 9431).

Where no service of process was made on a resident defendant in suit for sale and division of lands, and attempted service by mail on nonresident defendant did not comply with Code 1923, § 9431, because bill did not set forth his exact post office address and place of residence. and· return registered receipt was not filed in cause and entered on final record, and no service by publication was had as to nonresident defendants whose places of residence were unknown, as required by section 6535, *held* that case was not at issue for absence of proper service followed by decree pro confesso, and final decree for complainants must be reversed.

Appeal from Circuit Court, Sumter County; Benj. F. Elmore, Judge.

Bill for sale of lands for division by Silas Grant and others against the Standard Coop-erage Company and others. From a decree for complainants, defendants appeal. Reversed and remanded.

Thos. F. Seale, of Livingston, for appellants.

No answer was filed by defendants other than appellants, and no decree pro confesso taken against them.

Patton & Patton, of Carrollton, for appellees.

In view of the decision, it is not necessary that brief be here set out.

BROWN, J. This appeal is prosecuted by J. A. Dearman and the Standard Cooperage Company, a corporation, from the final decree granting to the complainants, appellees here, a sale of the lands described in the bill for division and distribution among the parties as joint owners.

The record shows that the only parties defendant personally served with process were appellants and John Wesley Grant. Lucy Brown, though alleged to be a resident of Sumter county, does not appear to have been served.

The only evidence of service on the other defendants is a certificate made by the register and indorsed on the summons, to the effect that he had forwarded a copy of the summons, together with a copy of the bill, by registered mail, postage prepaid, marked "For delivery only to the person to whom addressed," naming the post office, and that he had demanded a return receipt "addressed to me as register." The return receipt, if such was received, does not appear in the record, and the bill avers, as to the defendant George Fletcher Grant, that he "is over the age of 21 years and resides in the state of Mississippi; *his exact post office address being at this time unknown to the complainants.*"

The appellants appeared and answered, but as to the other defendants there were no appearances, nor was a decree pro confesso taken against them, and on the face of this record such decree could not be taken as against Lucy Brown and the nonresident defendants. To sustain service through the mails, against nonresident defendant, the statutory requirement is that the bill must "set forth the place of residence and post office address of such nonresident," and provides the return register's receipt demanded, "when received in return shall be filed in the cause and entered upon the final record of said court; and such receipt shall be prima facie evidence of the service," etc. Code of 1923, § 9431; Acts 1915, p. 604; Acts 1919, p. 557.

As to nonresident defendants whose place of residence was unknown, service by publication is required. Code of 1923, § 6535 et seq.

In the absence of service of process, fol-

lowed by a decree pro confesso, the case was not at issue, and the final decree is erroneous and must be reversed. McDonald v. McMahon's Adm'r, 66 Ala. 115; Loring v. Grummon et al., 176 Ala. 236, 57 So. 818; Visible Measure Gasoline Dispenser Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.