268 So.2d 766

**Ex parte STATE of Alabama ex rel. Cassie Bell MOORE**

**v.**

**The Honorable James T. STRICKLAND, as Judge of the Circuit Court of Mobile County, Alabama, etc.**

**SC 76.**

Supreme Court of Alabama.

Nov. 2, 1972.

Charles R. Butler, Jr., Dist. Atty., Thirteenth Judicial Circuit of Ala., Reynolds & Lauten, Mobile, for petitioner.

(NO BRIEF FOR RESPONDENT)

Thomas M. Haas and J. D. Quinlivan, Jr., Mobile, for respondent.

PER CURIAM.

This is a mandamus proceeding which originated in this court.

Much of the relevant background is set forth in previous opinions, hence all of it need not be repeated in this opinion.—LeFlore v. State ex rel. Cassie Belle Moore, 288 Ala. 310, 260 So.2d 581; In re Cassie Belle Moore v. LeFlore, 288 Ala. 315, 260 So.2d 585.

Proceedings were instituted in August of 1969 in the Juvenile Court of Mobile County to establish the paternity of the twin daughters of Cassie Bell (Belle) Moore. The suit was brought by the State of Alabama on the relation of the mother. The defendant and reputed father was Dr. Walker Beck LeFlore.

On June 30, 1970, the following entry, previously treated by this court as a judgment, was entered on the records of the Juvenile Court:

"6/30 Com. and Def. appearing with their attorney and additional testimony being received, at the conclusion of which both Comp. and Def. rested, from the evidence presented the Court finds the Def. to be the father of the children Colette and Claudia Moore. Def. gives notice of appeal and the Court sets appeal bond at $100 and declines to fix a specific amount of support pending the hearing of the appeal at which time, if affirmed, the Court will fix support payments unless this is done by the Appeal Court."

LeFlore's attempt to appeal to the Circuit Court of Mobile County was inefficacious. The appeal was dismissed by the Circuit Court on January 27, 1971, on motion of the State ex rel. Moore on the ground that it had not been timely filed. The Circuit Court remanded the cause to the Juvenile Court "for enforcement of its judgment heretofore rendered."

In LeFlore v. State ex rel. Cassie Belle Moore, supra, this court on April 6, 1972, affirmed the action of the Circuit Court dismissing the appeal, saying: "The order of the court below of 27 January 1971, dismissing the abortive appeal to the Circuit Court, and which is the only order involved in this appeal, is due to be affirmed." (260 So.2d 585)

Before the appeal from the judgment of June 30, 1970, was dismissed by the Circuit Court, the State ex rel. Moore petitioned the Circuit Court for a writ of mandamus ordering the Judge of the Juvenile Court to direct and require Dr. LeFlore to make periodic support payments for the children pending the appeal from the judgment of June 30, 1970. A writ of mandamus was ultimately issued.

On September 15, 1970, the Judge of the Juvenile Court ordered Dr. LeFlore to pay into that court for the support of the children the sum of $60 weekly and to pay into court a lump sum for cost of their prior support.

It being made to appear that Dr. LeFlore had not made the payments as previously ordered, the Juvenile Court on March 27, 1971, ordered Dr. LeFlore to make certain payments, but this order was set aside on the following day and the case passed pending a determination of an appeal from the order of the Circuit Court of March 24, 1971.

Later a petition for mandamus was filed in this court by the State ex rel. Moore to direct the Judge of the Juvenile Court "to execute upon the judgments." A rule nisi was issued. After the respondent Judge had filed his response thereto, the cause was submitted here for determination of the question as to whether the peremptory writ should issue. On April 6, 1972, this court ordered the issuance of a peremptory

writ. The writ was duly issued.—In re Cassie Belle Moore v. LeFlore, *supra.*

Thereafter on April 18, 1972, Dr. Le-Flore filed in the Juvenile Division of the Circuit Court of Mobile County, sometimes hereinafter referred to as the Juvenile Court, a motion for a new trial of the judgment rendered on June 30, 1970. The purpose of the motion for new trial was to retry the issue of the paternity of the twin children born to Cassie Bell (Belle) Moore. The ground upon which the said motion was based was newly discovered evidence.

The motion for new trial was called to the attention of the Judge of the Juvenile Court on the day that it was filed and May 17, 1972, was fixed as the day on which the motion for a new trial would be heard. On April 28, 1972, the State ex rel. Moore filed a motion to strike Dr. LeFlore's motion for a new trial on the ground that the court had no jurisdiction to entertain or act on said motion, which was filed more than twenty-one months after the judgment of June 30, 1970, in which Dr. LeFlore was adjudged to be the father of the subject children. The Judge of the Juvenile Court set the hearing on the motion for new trial and the hearing on the motion to strike it for May 17, 1972.

After a hearing on May 17, 1972, the said Judge took under submission the motion for a new trial and the motion to strike the motion for a new trial. On May 29, 1972, the said Judge of the Juvenile Court granted Dr. LeFlore's motion for a new trial and denied the petition filed by the State ex rel. Moore to strike the motion for a new trial. The said Judge reset the case concerning the paternity of the aforementioned children for new trial on August 1, 1972.

On June 21, 1972, the State ex rel. Cassie Bell (Belle) Moore filed in this court a "Petition for Prohibition and Mandamus" to be directed to the Honorable James T. Strickland, as Judge of the Circuit Court of Mobile County, Alabama, and as ex of-ficio Judge of the Juvenile Division of the Circuit Court of Mobile County, Alabama.

On June 29, 1972, this court made and entered the following order:

"Comes the petitioner, the State of Alabama, ex rel. Cassie Bell Moore, by attorney and the petition for writ of prohibition, mandamus, or other appropriate remedial writ, to the Honorable James T. Strickland, as Judge of the Circuit Court of Mobile County, Alabama, Juvenile Court Division, being argued and submitted and duly examined and understood by the Court,

"IT IS CONSIDERED that the petitioner is entitled to the issuance of the Rule Nisi.

"IT IS, THEREFORE, ORDERED that the Rule Nisi issue forthwith to the Honorable James T. Strickland, as Judge of the Circuit Court of Mobile County, Alabama, Juvenile Court Division, commanding and directing him to do the following in the matter of Cassie Bell Moore v. Walker Beck LeFlore, Case No. 13690, in the Circuit Court, Juvenile Division, in and for Mobile County, Alabama.

"(1) To set aside the order of May 17, 1972, taking the motion for new trial under submission;

"(2) To set aside the order of May 29, 1972 granting the defendant, Walker Beck LeFlore, a new trial; and

"(3) To set aside the order of May 29, 1972, denying petitioner's motion to strike said motion for new trial;

"and to enter an order granting the petitioner's motion to strike the motion of the defendant, Walker B. LeFlore, for a new trial from the records of said Court, or to appear before this Honorable Court within 30 days from the date of the writ and show cause why he should not be required to do so."

The rule nisi as so ordered was duly issued.

The respondent Judge elected not to perform those acts and his reason for not doing so is set out in his answer or return. In substance, the respondent Judge asserts that he had a right to grant a new trial to Dr. LeFlore because of the provisions of "Tit. 27 Sec. 12(4), Code of Alabama of 1940 (As Last Amended) . . . ."

The provisions of Act 295, approved September 15, 1961, Acts of Alabama, Special Session 1961, p. 2353, sometimes referred to as the deGraffenried Act, now appear in the 1971 Cumulative Supplement to the 1958 Recompiled Code of Alabama as Chapter 2A, Title 27, §§ 12(1)–12(9). Act 295, *supra,* deals with paternity proceedings. See In re Cassie Belle Moore v. LeFlore, *supra.* Like the trial court, we will hereinafter refer to the title and section numbers which incorporate Act 295, *supra,* in the 1971 Cumulative Supplement, *supra.* Title 27, § 12(4), *supra* (§ 4 of the deGraffenried Act, *supra*), reads:

"If a reputed father is found guilty or admits the truth of the complaint, he shall be adjudged to be the father of such child, and thenceforth shall be subject to all obligations for the care, maintenance, and education of such child and to all the penalties for failure to perform the same which are or shall be imposed by law upon the father of a legitimate child of like age and capacity. Judgment may be for periodic payments which may vary in amount. The court may order payments to be made to the mother or other persons or agency designated to administer them under the supervision of the court. Judgment may also be entered against him for the reasonable expense of the mother's pregnancy and confinement. *The court may at any time subsequent to the rendition of the original order or judgment modify or vacate any such order or judgment in proceedings brought under this chapter on written petition duly filed by either party to the original complaint, which petition shall set out in reasonable detail the facts and circumstances allegedly warranting such modification or vacation. Upon the filing of any such petition, reasonable notice shall be given to the other party of the filing thereof and the time and place set for hearing the same. No modification or vacation of the original judgment shall be had except on a showing of substantially changed conditions subsequent to the rendition of said original judgment."* (Emphasis supplied)

The petitioner has filed a replication to Judge Strickland's return, which replication was amended prior to submission.

■ The return does not deny the facts stated in the petition on which the claim to relief is founded. It does not state other facts sufficient in law to defeat the petitioner's application. It states a conclusion of law, the construction which the respondent Judge has placed on a statute. That construction cannot be taken as correct in the absence of a replication. In other words, there was no need for a replication in this case in that there were no facts averred in the return upon which the petitioner was expected to join issue. See In re Guaranty Funding Corp. v. Bowling, 288 Ala. 319, 260 So.2d 589. Consequently, we see no occasion to delineate the averments of the replication as amended.

■ As we view this cause, the question presented for our determination is: Did the Judge of the Juvenile Court have the authority to grant Dr. LeFlore's motion for a new trial of the issue as to the paternity of the subject children when the motion was filed more than twenty-one months after the Juvenile Court had determined that Dr. LeFlore was their father?

As we have indicated above, the respondent Judge granted the motion for a new trial on the ground that he had such authority based on his construction of the provisions of Title 27, § 12(4), *supra.*

We do not agree with that construction and answer in the negative the question last posed above.

■ All rules for construing statutes must be regarded as subservient to the end of determining the legislative intent.—Dixie Coaches, Inc. v. Ramsden, 238 Ala. 285, 190 So. 92; State v. Thames, Jackson, Harris Co. et al., 259 Ala. 471, 66 So.2d 733; State v. Lamson & Sessions Co., 269 Ala. 610, 114 So.2d 893.

■ The intention of the Legislature must be determined from an examination of the statute as a whole.—Vick v. Bishop, 252 Ala. 250, 40 So.2d 845. And effect must be given to each part of the statute, if possible, provided the interpretation is reasonable and not in conflict with legislative intent.—Ex parte Miles, 248 Ala. 386, 27 So.2d 777.

■ The general purpose of the provisions of Title 27, Chapter 2A, §§ 12(1)– 12(9) (Act 295—the deGraffenried Act), is to set up a procedure whereby the paternity of an illegitimate child can be judicially determined and to provide that where paternity is so determined, the father "thenceforth shall be subject to all obligations for the care, maintenance, and education of such child and to all the penalties for failure to perform the same which are or shall be imposed by law upon the father of a legitimate child of like age and capacity."

■ The last sentence of § 12(4), Title 27, *supra,* unquestionably limits the authority of the court to modify or vacate an original judgment to those instances where a showing is made "of substantially changed conditions subsequent to the rendition of said original judgment."

We do not think an allegation of newly discovered evidence bearing on the paternity issue is the kind of "substantially changed conditions" to which the Legislature had reference. In our opinion, "substantially changed conditions" can only be used to modify or vacate the provisions of the original judgment which related to the welfare of the illegitimate children, such as adjudication as to custody, care, maintenance and education. This is the general rule as to the modification of divorce decrees and we entertain the view that it was the legislative purpose to make that rule applicable to judgments rendered in paternity cases.

The peremptory writ of mandamus will issue as prayed for by petitioner.

The foregoing opinion was prepared by THOMAS S. LAWSON, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Peremptory writ of mandamus granted.

HEFLIN, C. J., and MERRILL, COLEMAN, BLOODWORTH and McCALL, JJ., concur.