The appellant, Leslie Atwell, was convicted in the Circuit Court of Houston County for the offense of criminal mischief, third degree, in violation of § 13A-7-23, Code of Alabama (1975). Following the jury verdict the trial court sentenced appellant to six months' hard labor in Houston County, Alabama, fined him one thousand dollars and ordered him to pay $180.78 as restitution to the victim, Ms. Vermelle Martin. Sentence was suspended pending appeal.
Ms. Vermelle Martin testified that she was a resident of Route 11, Box 160, Dothan, Alabama, and was at home on the morning of November 8, 1981. She stated that Mr. Don McKinsey was also present at her home on this morning since he had spent the night to help her "watch after her property." Two nights earlier on Friday, November 6, 1981, someone had broken out her rear sliding glass door and the door had not yet been replaced. Ms. Martin stated that at approximately 7:30 a.m., on November 8, 1981, she looked out her garage door window to check on her 1976 Ford Granada which was parked in her carport. At that time she stated that her car appeared normal and its windshields were intact. At approximately 8:30 a.m., that same morning, Ms. Martin said that she heard a vehicle approach her house and saw that Leslie Atwell, the appellant, was coming in the house. She stated that she had broken off her relationship with appellant the preceding Wednesday.
Ms. Martin testified that appellant entered her house through the broken sliding glass door in the rear of her house as she attempted to call the police. She stated that while trying to dial the phone, she called to Don McKinsey, stating, "Don, Leslie is here." Before Ms. Martin could complete her call, though, she said, appellant jerked her by the arm and twisted it. Ms. Martin then locked herself in the bathroom where she stayed for approximately ten minutes. Mr. McKinsey then came to the bathroom and opened the door after appellant had left the house. Ms. Martin stated that she then discovered that her car windshield on the driver's side had been broken. Her cost to replace the windshield was $180.78.
Ms. Martin also testified that she had received numerous letters from appellant and had seen him write several times over the years she had gone with him. At trial, Ms. Martin identified State's Exhibit 1, as being a letter addressed to her at her mailing address. The letter was signed "Leslie," and, based on her observation, it appeared to be appellant's handwriting.
Thereafter, the State attempted to introduce the letter into evidence. Counsel for appellant objected since extraneous markings made by Ms. Martin were found on the letter. The Court, after objection, allowed Ms. Martin to erase the pencil markings that were on the letter and the letter was admitted into evidence.
The State's next witness, Don McKinsey, of 707 South St. Andrews Street, Dothan, Alabama, stated that, on November 7, 1981, he spent the night at Ms. Vermelle Martin's home. At approximately 8:30 the next morning Leslie Atwell came into Ms. Martin's house through a sliding glass door. Ms. Martin was on the telephone calling the police when Mr. Atwell grabbed Ms. Martin and hit her several times on the head. Mr. McKinsey stopped Mr. Atwell, and Mr. Atwell left the house through the back door next to the carport. He then went to his car, picked up a hammer and started hitting the windshield of Vermelle Martin's car. Mr. Atwell hit the windshield about four times. *Page 24 
Herman Hubbard, an employee of the Houston County Sheriff's Department, testified that, on November 8, 1981, he went to the home of Vermelle Martin, where he arrived at 8:55 a.m. On that occasion he observed the windshield of Ms. Martin's vehicle. The windshield had marks and was shattered.
Appellant Leslie Atwell testified in his own behalf. He stated that he was a resident of Malone, Florida, and he had been living there for the last seven months, working for a Dr. McClendon taking care of his office, house and the grounds.
After her discussion with Ms. Martin, Ms. Murdock encouraged Mr. Atwell to write to her and to appeal to her and let her know how he felt.
Appellant first contends that the trial court erred by denying his motion to exclude the State's evidence since the State failed to make out a prima facie case. Appellant did not assign any grounds in his motion to exclude the State's evidence. He merely stated: "I would like to make a motion to exclude the State's evidence."
In § 13A-7-23, Code of Alabama (1975), the offense of criminal mischief in the third degree is defined as follows:
 "(a) A person commits the crime of criminal mischief in the third degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount not exceeding $250.00. . . ."
This court is required to review the evidence in the light most favorable to the State, Bass v. State, 55 Ala. App. 88,313 So.2d 208 (1975), and not substitute its judgment for that of the jury. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). We hold that the direct and circumstantial evidence presented by the State was sufficient to prove every element necessary to establish a case under Section 13A-7-23 and to prove appellant's guilty beyond a reasonable doubt.
Appellant further contends that the trial court committed reversible error by admitting into evidence a letter written by appellant to Ms. Martin which contained extraneous markings. The letter in dispute was an attempt on appellant's part to make amends with Ms. Martin due to the breakup in their relationship. The pertinent portion of the letter that concerns this case reads as follows:
 "Darling, I'll pay you for your windshield if you'll forget the mess and not appear in court. I can't afford 6 months up there in that county jail and a $1,000 dollar fine paid to the county that would not help you in any way for me to pay the county $1,000 and spend 6 months up there in jail. [T]hink it over darling, let me hear from you."
At trial, Ms. Martin stated that she made some pencil markings on the letter in an attempt to highlight this portion of the two-page letter. After she was instructed by the trial court to erase said pencil markings, the letter was received into evidence over appellant's continuing objection that said markings were still visible.
Without deciding whether the admission of the said letter with the erased markings was error, we find that even if it was technically an error, it was harmless error at most. A.R.A.P. 45. No evidence was presented showing that any prejudicial words or markings were made on said letter, nor was it shown that the contents of the letter had been altered. Appellant in his brief complains of no injuries suffered by him. In Chillousv. State, 405 So.2d 58 (Ala.Cr.App. 1981), this court held that, before a criminal conviction is to be reversed, it must appear to this court that any error complained of has probably injuriously affected substantial rights of the defendant.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 25