WRIGHT, Presiding Judge.
This is an appeal from the circuit court’s denial of a motion for relief from judgment under Rule 60(b), A.R.Civ.P.
Prior to 1974, Mr. and Mrs. Williams were joint owners with W.K. and Brenda H. Dunham of a parcel of land in Bibb County, Alabama. In 1974 the Williamses and the Dunhams divided the property by executing deeds, each to the other, of half of the property. Contained in the deed to the Dunhams was a grant of a twenty-foot easement along the western boundary of the Williamses’ property, in order to give the Dunhams access to Highway 25. The deed from the Dunhams to the Williamses did not note any exception for the easement.
In December 1975, Mr. and Mrs. Williams entered into a contract to convey their portion of the property to appellees, Marvin and Marlin Burnett. Pursuant to the sales contract, a title insurance binder was procured from an attorney and agent for Mississippi Valley Title Insurance Company. The binder failed to note the twenty-foot easement; the deed to the property also contained no exception for the easement.
On August 23, 1979, the Dunhams filed suit in Bibb County Circuit Court against the Burnetts to enforce the easement which had been granted by the Williamses. The Burnetts answered the complaint and filed a third-party action against the Williamses alleging breach of warranty of title. The Williamses counterclaimed against the Bur-netts, asserting breach of an agreement relating to other rights and uses of the land.
Following a jury trial on the merits, judgment was entered on January 22, 1982, in the amount of $6,000, in favor of the Burnetts against-the Williamses, and in the amount of $9,000 in favor of the Williamses against the Burnetts. On June 30, 1982, the Williamses filed a motion for relief from judgment under Rule 60(b). Testimony was taken on the motion in open court on September 27, 1982.
The motion asked the court below to enter a satisfaction of the judgment rendered against the Williamses, either totally or in the amount of $5,000, on the grounds that the Burnetts’ damages were covered by a policy of title insurance which paid $5,000 to the Burnetts in settlement of claims under that policy before the beginning of the trial. The Williamses further alleged that payment by the title insurance company was not discovered and could not have been reasonably discovered by the Williamses prior to February 18, 1982.
Based on the record and testimony presented at the hearing on the motion, the circuit court denied the motion on the following grounds: (a) the Williamses knew or should have known of the payment by the title insurance company before the trial began; (b) the motion for relief from judgment came more than four months after the judgment was entered; (c) the motion for relief from judgment was not filed within a reasonable time. The Williamses appeal the court’s ruling.
*1301 The Williamses argue on appeal that the trial court erred in denying their motion under Rule 60(b)(5), A.R.Civ.P. The trial court has wide discretion when considering a motion for relief from judgment under Rule 60(b). Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App.1978). “In exercising this discretion the court must balance the desire to remedy injustice against the need for finality of judgments. Consequently, the court may deny a Rule 60(b) motion where it finds that ... the moving party has not shown good cause for having failed to take appropriate action sooner....” Id. at 1211. The trial court’s discretion includes the determination of whether the motion has been filed within a reasonable time. Pittman v. Pittman, 397 So.2d 139 (Ala.Civ.App.), cert. denied, 397 So.2d 142 (Ala.1981).
In the present case, we cannot say the trial court abused its discretion. There was evidence before the court that the attorney for Mr. and Mrs. Williams knew of the settlement between Mississippi Valley Title Insurance Company and the Burnetts on the day of the trial. Appropriate pleading to claim any benefit from the settlement could have been filed at that time. More than four months passed between entry of final judgment and filing of the Rule 60(b) motion. The trial court found the further delay to be unreasonable. We affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.