BRADLEY, Judge.
This is a paternity case in which the father has sought relief under Rule 60(b), Alabama Rules of Civil Procedure.
In June 1976 the mother, Hazel Butler (now Hazel Butler Morgan), filed a sworn statement in the Family Court of Jefferson County, alleging that James R. Mitchell was the father of her illegitimate child. A warrant was issued and executed in July 1976. At the hearing in August 1976 Mitchell appeared and entered a plea of guilty. The court adjudged Mitchell to be the child’s father and ordered him to pay $15 per week as child support.
In November 1985 Mitchell filed a motion for reconsideration, seeking to have the original decree set aside under Rule 60(b), A.R.Civ.P. After a hearing the motion was denied. Mitchell appeals.
In his first issue Mitchell contends that a motion to reconsider under Rule 60(b) alleging fraud and newly discovered evidence should not be barred by certain time limita *982 tions when compared with section 26-12-4, Code 1975.
Section 26-12-4, Code 1975, states in pertinent part:
“The court may at any time, subsequent to the rendition of the original order or judgment, modify or vacate any such order or judgment in proceedings brought under this chapter on written petition duly filed by either party to the original complaint, which petition shall set out in reasonable detail the facts and circumstances allegedly warranting such modification or vacation.”
The court’s authority to modify or vacate the original judgment is limited to those instances where there is “a showing of substantially changed conditions subsequent to the rendition of said original judgment.” § 26-12-4, Code 1975. An allegation of newly discovered evidence is not the “substantially changed conditions” which the legislature had in mind. State ex rel. Moore v. Strickland, 289 Ala. 488, 268 So.2d 766 (1972). The conditions the legislature had in mind relate to the custody, care, support, and education of the child that would arise subsequent to the paternity judgment. State ex rel. Moore, supra.
Mitchell sought to have the paternity judgment set aside and a new trial conducted by alleging the existence of newly discovered evidence. In support of his allegation, Mitchell averred that he now has evidence that the mother of the child has stated that he is not the father of the child. However, perjury or false swearing is not “fraud upon the court,” and is not a ground for setting aside the original decree or judgment. Aker v. State ex rel. Royster, 477 So.2d 437 (Ala.Civ.App.1985).
Therefore, the trial court did not err in denying the 60(b) motion on the grounds of fraud and newly discovered evidence.
In his second issue Mitchell contends that the 1976 order adjudicating paternity should be set aside as void pursuant to Rule 60(b)(4) because he was not advised of his right to counsel and was not represented by counsel. A judgment cannot be void, however, when the court has jurisdiction of the subject matter and the parties. Hilbish v. Hilbish, 415 So.2d 1114 (Ala.Civ.App.1982). In the case at bar the trial court clearly had jurisdiction over the parties and the subject matter. Thus, Mitchell cannot obtain relief under Rule 60(b)(4).
The only remaining relief available to Mitchell is pursuant to Rule 60(b)(6), which permits a movant to set aside a judgment for any other reason justifying relief. We note that a 60(b)(6) motion must be brought within a reasonable time after the entry of judgment.
We stated in Pittman v. Pittman, 397 So.2d 139 (Ala.Civ.App.), cert. denied, 397 So.2d 142 (Ala.1981), that:
“[I]n deciding whether a 60(b)(6) motion has been filed within a reasonable time, along with all of the circumstances surrounding the matter in controversy, it is beneficial and helpful for the court to especially consider whether delay in seeking relief has prejudiced the opposing party, whether third persons have relied upon the judgment, whether it would be detrimental, and the extent of such detriment, for the judgment to be altered, and whether the movant has a valid reason for failure to take appropriate action at an earlier date.”
The trial court has wide discretion in deciding whether to grant or deny relief pursuant to Rule 60(b)(6). This discretion also includes the determination of whether the motion has been filed within a reasonable time. Williams v. Burnett, 439 So.2d 1299 (Ala.Civ.App.1983); Pittman v. Pittman, supra.
In the instant case, almost ten years has elapsed since the original paternity hearing. The mother and the child in question have evidently relied on the paternity judgment as well as the child support payments from Mitchell over this ten-year period. Mitchell has provided no explanation for failing to take action sooner based on the trial court’s alleged failure to advise him of his right to counsel. We conclude, therefore, that the trial court properly denied Mitchell’s motion to set aside the decree *983 because it was not brought within a reasonable time. Furthermore, Mitchell cites no authority for maintaining that such notice of his right to counsel is necessary prior to an adjudication of paternity. The trial court’s order is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.