EDWARD N. SCRUGGS, Retired Circuit Judge.
The opinion as to this appeal, which was issued on May 21, 1986, is withdrawn, and the following is substituted therefor.
This is a paternity case.
Erica was born to Gwendolyn on April 4, 1983. On September 6,1983, paternity proceedings under Ala.Code (1975), §§ 26-12-1 through -9 (repealed May 7, 1984), known as the DeGraffenried Act, were instituted by Gwendolyn against Gus Armstrong (defendant). He was found not guilty of being the father by the district court in October 1983.
On February 25, 1985, proceedings were instituted against that same defendant by the child Erica under the Alabama Uniform Parentage Act (AUPA), which is codified at §§ 26-17-1 through -21, Ala.Code (1975). The AUPA became effective on May 7, 1984, and repealed the DeGraffenried Act.
*265 The child sought the establishment of her paternity along with consequential relief. The case was styled State of Alabama ex rel. Erica Alexis Snow v. Gus Armstrong. Among other special pleas, the defendant pleaded res judicata. The case was dismissed by the Domestic Relations Division of the Circuit Court of Montgomery County. The State of Alabama appealed that final dismissal order to the circuit court. That court also dismissed it on a number of grounds, including res ju-dicata, and also because the state was barred from proceeding in an AUPA suit brought by the state on relation of a child when there had already been an adjudication under the DeGraffenried Act that the defendant was not guilty of being the child’s father, even though the first case was filed on behalf of the mother by the state. The child appealed. We agree with the circuit court and affirm.
It is argued that the judgment in the prior paternity suit cannot be res judicata as to the child’s AUPA action because the parties are different.
The first case was instituted in the name of the State of Alabama. The second was also in the name of the state, but was on the relation of the child. The child was the real party in interest in both cases. As far as an illegitimate child is concerned, no more personal relief can be granted to the child under the AUPA than could have been granted under the prior act. Under both acts, paternity can be established, and, if that is done, support and inheritance from the father may be sought as if the child were legitimate. In Everage v. Gibson, 372 So.2d 829, 833 (Ala.1979), cert. denied, 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980), it was pertinently stated as follows:
“The basic purpose of the paternity statute is to judicially determine the paternity of an illegitimate child. State ex rel. Moore v. Strickland, 289 Ala. 488, 268 So.2d 766 (1972). Once paternity is determined, the defendant is considered ‘to be the father of such child and thenceforth shall be subject to all obligations for the care, maintenance and education of such child [the same as] the father of a legitimate child of like age and capacity.’ Code 1975, § 26-12-4.
“Although Alabama case law has not previously recognized that the child is ‘legitimated’ by this proceeding, we find that the judgment of paternity serves the same state purpose as ‘legitimation’ in establishing the right to intestate succession. ...
“We hold that the adjudication of paternity in a proceeding under § 26-12-1 et seq. is sufficient state expression by which to obtain the legitimation of an illegitimate child in order that it may inherit from the intestate father’s estate in the same manner as a legitimate child.”
(Their emphasis and brackets).
The AUPA contains a provision that clearly provides the answer to this issue. It directs that an order of the court which decides the existence or nonexistence of the parent and child relationship is “determinative for all purposes.” Ala.Code (1975), § 26-17-14(a). The judgment of the district court in October 1983 which found that the defendant was not the father of the child was determinative for any and all purposes that the parent and child relationship did not exist between the defendant and the child. That section of the AUPA provides a bar to the present litigation. In short, it means that, once the existence or nonexistence of the parent and child relationship is decided, it is always decided in that manner for all purposes. That is a wise rule because, otherwise, numerous cases could be consecutively instituted by a mother, a child, a personal representative of the child, any public authority providing support for the child, or, in some instances, by any interested party against the same defendant concerning the paternity of the same child. Many different trials over such paternity could occur with findings of no parent and child relationship until a trial judge or jury might eventually find favorably towards that relationship. Such an untenable situation should not be, and it is not, countenanced by the AUPA.
*266 Since the above is sufficient to decide this issue, we pretermit any further discussion of the state’s argument on behalf of the child. The final judgment of dismissal by the circuit court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
All the Judges concur.