The appellant, Moses Harris, was indicted for the offense of sexual abuse in the first degree, in violation of § 13A-6-66,Code of Alabama (1975). The defense counsel filed a motion for change of venue, which was formally argued and then denied by the trial court. The appellant was found guilty and sentenced to ten years in the penitentiary of the State of Alabama.
The appellant was a black male school teacher who allegedly sexually abused Connie Henderson, an eight year old, Caucasian, female student. Connie Henderson claims that the appellant had kissed her in the mouth and had fondled her breasts and genital area. The State's evidence included the testimony of Connie Henderson, her mother, the principal of the school, and Terry Simpson, another student, who testified that she observed the appellant in the course of sexually abusing Connie Henderson. She also testified that he had sexually abused her.
 I
The appellant alleges that § 13A-6-66 is unconstitutional because of its use of the term "he" therein. The section, in pertinent part, states. "A person commits the crime of sexual abuse in the first degree if: . . . He being 16 years old or older, subjects another person to sexual contact who is less than 12 years old." By prefacing this statute with "anyone," it is clear that the legislature intended that anyone who commits the specified acts will be guilty of sexual abuse in the first degree regardless of gender, and despite the use of the pronoun "he." Under § 13A-1-2(6), "person," as it is used in Title 13A of the Alabama Code (1975), is defined as "[a] human being." "As a general rule, 'the cardinal purpose, intent or purport of the whole act shall control,' and all parts shall 'be interpreted as subsidiary and harmonious,'" Rickard v. AutoPublisher, Inc., 735 F.2d 450, 457 (11th Cir. 1984), quoting C. Sands, Statutes and Statutory Construction § 46.05 (4th ed. 1973). "Evaluation of the congressional purpose is available only *Page 1294 
when there is some uncertainty as to the applicability of the statutory language." Super Stores, Inc. v. Reiner,737 F.2d 962, 965 (11th Cir. 1984). "However, where the meaning of a statute is not clear on its face, the court must determine the meaning of the statute by finding the intent of the Legislature. [Citation omitted.] The intention of the Legislature may be determined by examining the statute as a whole; State ex rel Moore v. Strickland, 289 Ala. 488,268 So.2d 766 (1972); thus, the Court may look to other provisions of the same Act as an aid to construction." Tate v. Teague,431 So.2d 1222, 1225 (Ala. 1983). In this light, it is significant that under the statutes dealing with the related offense of rape, the legislature clearly and specifically demonstrated its intent that those committing that offense be "gender-limited," by prefacing those sections (§ 13A-6-61 and § 13A-6-62) with the language "A male commits the crime if he. . . ." However, the sodomy statutes are worded in the same way as the sexual abuse statute in that they are prefaced with "[a] person commits" and include the pronoun "he" in the subsections. §13A-6-63 and § 13A-6-64, Code of Alabama (1975). However, it is clear that both genders are to be included under these sections, as this court has ruled that sodomy includes sexual relations between persons of the same sex or between persons of different sexes in an unnatural manner. Williams v. State,55 Ala. App. 436, 316 So.2d 362 (1975). Furthermore, the related offense of sexual misconduct, § 13A-6-65, is committed by "a person," and the subsections address both genders specifically.
"[T]here are occasions when a court must correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature. . . . [T]he court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained." Ex parte Holladay, 466 So.2d 956, 960 (Ala. 1985). The purpose of our sexual abuse statute is clearly to protect juveniles and people who are mentally incompetent or under force from sexual abuse and sexual contact regardless of the sex of the perpetrator. Moreover, the Commentary to §§ 13A-6-66
and 13A-6-67, states: "It should also be noted that the Criminal Code fills in a gap present in current law by providing penalties for sexual assault upon males by females."
 II
The appellant contends that the trial court erred in refusing to grant his motion for change of venue. The appellant argues that he was entitled to change of venue because of the nature of the alleged crime, coupled with the fact that the alleged victim is Caucasian, and he is black. He also maintains that he was entitled to a change of venue because of the pretrial publicity resulting from coverage of this case in the local newspaper. "The burden is on the defendant seeking a change of venue to show to the reasonable satisfaction of the Court that he cannot receive a fair and impartial trial. Such motion is addressed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of gross abuse.Moore v. State, 52 Ala. App. 179, 290 So.2d 246 (Ala.Cr.App. 1974); Hurst v. State, 54 Ala. App. 254, 307 So.2d 62
(Ala.Cr.App., 1974), cert. denied, 293 Ala. 548, 307 So.2d 73
(Ala. 1975)." Hurley v. State, 335 So.2d 183, 188 (Ala.Cr.App.),cert. denied, 335 So.2d 188 (Ala. 1976). "Even if the record did show evidence of widespread pretrial publicity, such evidence standing alone does not entitle appellant to a change of venue. There must be a showing that pretrial publicity resulted in actual prejudice to appellant, Dolvin v. State,391 So.2d 666 (Ala.Cr.App. 1979), affd, 391 So.2d 677 (Ala. 1980)."Anderson v. State, 455 So.2d 957, 959 (Ala.Cr.App. 1984). " 'Except in the situation where there is a showing of "inherently prejudicial publicity which has so saturated the community, as to have a probable impact upon the prospective jurors," the trial court's primary responsibility in dealing with allegedly prejudicial pretrial publicity *Page 1295 
is [to determine] whether, as a result of such publicity, it is reasonably unlikely that the defendant can secure a fair and impartial trial.' " Ex parte Kennedy, 472 So.2d 1106, 1112
(Ala. 1985), cert. denied, Kennedy v. Alabama, ___ U.S. ___,106 S.Ct. 340, 88 L.Ed.2d 325 (1985), quoting Anderson v. State,362 So.2d 1296 (Ala.Cr.App. 1978). Thus, where an appellant had attached several newspaper articles and a magazine article to his motion for change of venue, this court found that prejudice was not sufficiently proved. Hurley v. State, supra.
 As the Supreme Court explained in Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 1642-43, 6 L.Ed.2d 751 (1961):
 'To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. . . .'
 "The standard of fairness does not require jurors to be totally ignorant of the facts and issues involved. Murphy v. Florida, 421 U.S. 794, 799-800, 95 S.Ct. 2031, 2035-2036, 44 L.Ed.2d 589
(1975). Thus, '[t]he proper manner for ascertaining whether adverse publicity may have biased the prospective jurors is through the voir dire examination.' Anderson v. State, 362 So.2d 1296, 1299 (Ala.Cr.App. 1978)." Ex parte Grayson, 479 So.2d 76, 80 (Ala. 1985).
In this case, the record indicates that the trial judge carefully considered the statements made by the venire members in reaching his decision not to transfer the case. " 'We do not believe that the pre-trial publicity in the case at bar even remotely approaches the magnitude of prejudicial publicity condemned by the Supreme Court. . . . Outside influences had not so infiltrated the community at large as to render the existence of community prejudice against the appellant probable. Here, there was no trial atmosphere "utterly corrupted by press coverage." . . .' " Seawright v. State,479 So.2d 1362, 1364 (Ala.Cr.App. 1985), quoting Jackson v. State, [Ms. 6 Div. 767, April 9, 1985] (Ala.Cr.App. 1985).
Further, the racial aspects of the offense do not necessitate the granting of a motion for change of venue. Where an appellant's claim concentrated "on the premise that an unknown black man of low economic status cannot get a fair trial in [a] rural . . . [c]ounty when he is charged with murdering a fairly well known white man," the court found that such a broad and sweeping contention was unsupported by evidence. Seawright v.State, supra. Although thirty-six members of the venire inSeawright knew, or had heard of, the victim or his family, forty-two members did not. Moreover, the instances were not sufficient to make an appellant's trial constitutionally unfair where he contended "that there was a 'strong probability of prejudice' because the crimes involved were rape, murder, and robbery of an elderly and prominent white woman by a black man on Christmas Eve in [a] 'small-town atmosphere.' " Ex parteKennedy, supra, at 1113.
 "As this court has indicated on numerous occasions, a decision on a motion for change of venue is within the sound discretion of the trial judge. [Citation omitted.] Since the trial judge lives in the community in which the appellant claims he cannot receive a fair trial, he has had the opportunity to assess the publicity from the perspective of his own community, and, therefore, is in the better position to decide whether or not the appellant could receive a fair trial in that particular community. Robinson [v. State, 430 So.2d 883 (Ala.Cr.App. 1983)]." Primm v. State, 473 So.2d 1149, 1155 (Ala.Cr.App. 1985).
In our judgment, the appellant did not satisfy his burden of supporting the motion for change of venue to the reasonable satisfaction *Page 1296 
of the court. McLaren v. State, 353 So.2d 24, 32
(Ala.Cr.App. 1977), cert. denied, Ex parte McLaren, 353 So.2d 35
(Ala. 1977).
 III
The appellant argues that the trial court erred in refusing to grant his motion to exclude the State's evidence. This court must review the evidence in the light most favorable to the State, United States v. Irvin, 736 F.2d 1489 (11th Cir. 1984), and not substitute its judgment as to the sufficiency of the evidence for that of the jury. Gossett v. State, 451 So.2d 437,439 (Ala.Cr.App. 1984); Atwell v. State, 432 So.2d 22, 24
(Ala.Cr.App. 1983). "Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence . . . does not constitute error."Young v. State, 283 Ala. 676, 681, 220 So.2d 843 (1969). We hold that the direct and circumstantial evidence presented by the State was sufficient to prove every element necessary to establish a case under § 13A-6-66.
 IV
The appellant claims that the sentence of ten years' imprisonment was cruel and unusual punishment. Sexual abuse in the first degree is classified as a Class C felony under §13A-6-66, Code of Alabama (1975). As such, the range of permissible sentencing is not more than ten years or less than one year and one day. § 13A-5-6, Code of Alabama (1975). "It is well settled that this court is without authority to review a sentence so long as the sentence imposed by the trial court is within the limits prescribed by our legislature." Moreland v.State, 469 So.2d 1305, 1306 (Ala.Cr.App. 1985); Maye v. State,472 So.2d 688, 690 (Ala.Cr.App. 1985); Pickron v. State,475 So.2d 600, 601 (Ala.Cr.App. 1985). The sentence imposed by the trial court is within the statutory range of punishment and there is no evidence of judicial abuse.
AFFIRMED.
All the Judges concur.