SHORES, Justice.
The only issue in this appeal is whether the trial court erred in holding that an adjudication of paternity had been properly set aside in a second action, and that the holding in the second action prohibits the child from inheriting any portion of the decedent’s estate.
The trial court made the following pertinent findings of fact:
“1. On June 26, 1985, Probate Judge Lionel W. Noonan duly appointed Beatrice R. Jones as Administratrix of the estate of her deceased son Larry Williams.
“2. On July 3, 1985, Brenda Stall-worth filed a Notice of Widow’s Interest in Estate alleging that she was the common law wife of the decedent Larry Williams.
“3. On September 27, 1985, Robin Lue Jones filed a petition alleging that she was the common law wife of the decedent Larry Williams and that her children Seleshe A. Jones and Rononda Rene Jones were the natural children of the deceased.
“4. On October 7, 1985, a pleading was filed styled Notice to the Court of a Possible Heir to the Estate of Larry Williams alleging that a minor child named Gary Coleman might be the child of the deceased.
[[Image here]]
“6. On November 8, 1985, Circuit Judge Ferrill D. McRae entered an Order Removing Administration of Estate from Probate Court to Circuit Court.
[[Image here]]
“8. Petitioner Brenda Stallworth was not present during the trial and did not testify as a witness, and no testimony or evidence was presented in support of her claim to be the common law wife of the deceased Larry Williams.
“9. The Court finds that during the course of the trial, petitioner Robin Jones abandoned and withdrew her claim as alleged common law wife of the deceased Larry Williams.
“10. The evidence submitted on behalf of claimant Gary Coleman was that on January 27,1982, in a paternity action in the Circuit Court of Mobile County, Case No. Ju-82-5041, the Circuit Court entered an order adjudicating Larry Williams to be the father of Gary Coleman. That order has never been modified or attacked, and there have been no *1382 subsequent proceedings regarding the adjudication of paternity in that order.
“11. On October 11,1979, prior to the birth of her child Seleshe Jones, Robin Jones swore under oath and penalty of perjury to the Department of Pensions and Security that Fred Young was the father of her unborn child Seleshe Jones.
“12. In early 1980 Robin Jones initiated a paternity action against the decedent Larry Williams alleging that he was the father of her child Seleshe Jones. On February 21, 1980 the Juvenile Division of the Mobile County Circuit Court entered an order finding that Larry Williams was the father of Seleshe Jones.
“13. On January 27, 1981, Robin Jones again swore under oath and penalty of perjury to the Department of Pensions and Security that Fred Young was the father of her child Seleshe Jones.
“14. Robin Jones gave birth to Ro-nonda Rene Jones on November 17,1981. Robin Jones never filed a paternity action on behalf of her child Rononda Rene Jones against the decedent Larry Williams.
“15. On July 14, 1983, Robin Jones appeared in Court and testified under oath that Larry Williams was not the father of Seleshe Jones and that Fred Young was in fact the father of Seleshe Jones. Based upon the testimony of Robin Jones, the Circuit Court dismissed the action with prejudice. The order confirming the Juvenile Division referee’s order was signed by Circuit Judge Brax-ton L. Kittrell, Jr.
“16. On January 30, 1987, during the pendency of this action, Robin Jones swore for. the third time under oath and penalty of perjury to the Department of Pensions and Security that Fred Young was the only possible father of her child Seleshe Jones. At that same time Robin Jones told Department of Pensions and Security case worker Edrick Robinson, according to the written reports of Department of Pensions and Security, that the ‘only possible father of Seleshe Jones is Mr. [Fred] Young.’
“17. The Court finds, based upon the contradictory and conflicting testimony and sworn statements of Robin Jones as well as the Court’s observation of her demeanor as a witness, that Robin Jones was not a credible and forthright witness.”
Based upon these findings of fact, the trial court reached the following conclusions of law:
“18. Rule 60(b)(6) of the Alabama Rules of Civil Procedure empowered the Circuit Court to set aside a judgment, including a judgment of paternity, when necessary to do so in the interest of justice and equity. Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985).
“19. In the paternity action filed by Robin Jones as to her child Seleshe Jones, the Circuit Court’s Order entered on July 14, 1983 necessarily and as a practical matter vacated and set aside its previous adjudication of paternity. Therefore, the previous order was not res judicata. Coburn v. Coburn, 474 So.2d at 730.
“20. In addition, the law in Alabama mandates that a judgment is implicitly or as a practical matter vacated by subsequent proceedings taken in the same action which are inconsistent with the original judgment. Kamp v. Morang, 277 Ala. 575, 173 So.2d 566 (1964). In July 1983, when the Circuit Court, based upon the sworn testimony of Robin Jones herself that Fred Young, and not Larry Williams, was the father of Seleshe Jones, decided not to retry the paternity issue and instead dismissed the entire action with prejudice, the Circuit Court necessarily and as a practical matter vacated its previous order.
“21. The Court finds that since it was the testimony of Robin Jones herself which led the Court to set aside its previous judgment, Robin Jones cannot now question the Court’s action in setting aside that same judgment. Wheeler v. Strickland, 178 Ala. 360, 60 So. 59 (1912).
“22. The law in Alabama is clear that a judgment procured by fraud on the *1383 Court itself may be set aside by any court, trial or appellate, on its own motion, even after three years. Waldrop v. Waldrop, 395 So.2d 62 (Ala.1981); Prisco v. Crisco, 294 Ala. 168, 313 So.2d 529 (1975). Clearly, when Robin Jones appeared before the Court in July of 1983 and testified under oath that Fred Young, and not Larry Williams, was the father of Seleshe Jones, the Circuit Court was empowered to, intended to and did vacate and set aside the original paternity judgment because it had been procured by Robin Jones’ fraud on the court as well as on the decedent Larry Williams.
“23. The Alabama Supreme Court has squarely held that a judgment obtained by fraud is absolutely void. Howell v. Randle, 171 Ala. 451, 54 So. 563 (1911).
“24. Alabama Code [1975], Section 43-8-48(2)(b), provides that after the death of the alleged father, the paternity of an illegitimate child must be established ‘by clear and convincing evidence.’ The Supreme Court reaffirmed that evi-dentiary standard in Cotton v. Terry, 495 So.2d 1077 (Ala.1986).
“25. Since Judge Kittrell’s order dated July 14, 1983 necessarily and as a practical matter set aside and vacated the previous order of paternity, there was no valid and existing order of paternity as to Seleshe Jones prior to the death of Larry Williams. Consequently, under Code Section 43-8-48(2)(b), the burden of proof for the claims of both Seleshe Jones and Robin [Rononda?] Jones is ‘clear and convincing evidence.’
“26. The Court, having carefully and thoroughly considered all the evidence and testimony, finds that neither Seleshe Jones nor Rononda Jones has met the burden of establishing the paternity of the decedent Larry Williams by clear and convincing evidence.”
While the appellant does not contest any of the trial court’s findings of fact, she insists that the trial court misapplied the law to these facts. The appellant contends that Rule 60(b), Ala.R.Civ.P., is inapplicable in the instant case because Rule 81(a)(9) precludes application of the Rules of Civil Procedure in an area that is governed by statute. In 1983, Ala. Code (1975), § 26-12-4, governed the modification or withdrawal of an order or judgment obtained in an action brought to determine the paternity of an illegitimate pursuant to Ala. Code (1975), § 26-12-1 et seq.[1]
Section 26-12-4 provided as follows:
“The Court may at any time, subsequent to the rendition of the original order of judgment, modify or vacate any such order or judgment in proceedings brought under this chapter on written petition duly filed by either party to the original complaint, which petition shall set out in reasonable detail the facts and circumstances allegedly warranting such modification or vacation. Upon the filing of any such petition, reasonable notice shall be given to the other parly of the filing thereof and of the time and place set for hearing same. No modification or vacation of the original judgment shall be had except on a showing of substantially changed conditions subsequent to the rendition of said original judgment.”
In State ex rel. Moore v. Strickland, 289 Ala. 488, 268 So.2d 766 (1972), this Court stated the following:
“The last sentence of § 12(4), Title 27 [1940 Code, Recomp.1958, the predecessor to § 26-12-4] unquestionably limits the authority of the court to modify or vacate an original judgment to those instances where a showing is made ‘of substantially changed conditions subsequent to the rendition of said original judgment.’
“We do not think an allegation of newly discovered evidence bearing on the paternity issue is the kind of ‘substantially changed conditions’ to which the Legislature had reference. In our opinion, ‘substantially changed conditions’ can only be used to modify or vacate the provisions of the original judgment which related to the welfare of the ille *1384 gitimate children, such as adjudication as to custody, care, maintenance and education. This is the general rule as to the modification of divorce decrees and we entertain the view that it was the legislative purpose to make that rule applicable to judgments rendered in paternity cases.”
289 Ala. at 493, 268 So.2d at 770.
It is the appellant’s contention that, under the foregoing analysis, the trial court did not have the jurisdiction or authority to issue an order on July 14, 1983, vacating the previous judgment that Larry Williams was the father of Seleshe Jones. Therefore, according to the appellant, Seleshe Jones is entitled to take a child’s share from the estate of Larry Williams because the initial determination of paternity is still valid and res judicata on the issue of paternity in the present action. We disagree.
Accepting the statement from State ex rel. Moore, supra, that “substantially changed conditions” can be used only to modify or vacate those provisions of the original judgment that related to the welfare of the illegitimate children, such as provisions relating to custody, care, maintenance, and education, we hold that the trial court properly considered the second action on the issue of paternity to be based on Rule 60. Section 26-12-4 does not preempt the application of Rule 60 to actions for the redetermination of paternity based upon one of the grounds enumerated in Rule 60, if any be viable.
Based on the foregoing, we hold that the trial court correctly applied the law to the undisputed facts in this case and appropriately held that Seleshe Jones was not entitled to receive a child’s share from the estate of Larry Williams. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. Sections 26-12-1 through 26-12-9 were repealed by Ala. Acts 1984, No. 84-244, p. 375, § 22, effective May 7, 1984. See Alabama Uniform Parentage Act, § 26-17-1 et seq.