JAMES H. FAULKNER, Retired Justice.
The grand jury of Mobile County indicted Clifton K. Richardson III on September 20, 1990, for intentionally abusing a patient of the Albert P. Brewer Center, Mobile, Alabama, by striking the patient with a metal coat hanger, in violation of the Alabama Adult Protection Services Act, § 38-9-7(d), Code of Alabama 1975.[1] Richardson was tried by a jury after pleading not guilty. The jury found him guilty and he was sentenced to five years. His term was split, with two years to be served in a jail-like facility and three years’ probation. He was also sentenced to perform 100 hours of community service and was ordered to pay court costs.
Richardson moved for a new trial and the trial court denied Richardson’s motion. This appeal followed.
Richardson argues two errors on appeal. For all practical purposes both alleged errors are the same. He alleges that the evidence was not sufficient to prove that he physically abused the patient, and further that his motion to exclude the evidence, and for a directed verdict, should have been granted because there was insufficient evidence to sustain a conviction. We, therefore, treat this appeal as being grounded on the sufficiency of the evidence.
First, a state witness testified that on the night that the patient was abused, he saw Richardson striking the patient with a coat hanger. Second, another state witness testified he saw Richardson striking the patient on his arm and on his leg with a folded coat hanger. Both witnesses were *1243 Brewer Center employees and worked the same shift with Richardson.
Another Brewer Center employee testifying on behalf of the State, said that after Richardson left work on the night of the abuse, the patient showed him scrapes and bruises on his legs, back, shoulders, head, and left side, which had not been on him the previous night.
Richardson took the stand and testified in his behalf that he never struck the patient. No other witnesses testified for the defense.
The law as to whether a conviction will be set aside on the ground of insufficiency of the evidence was set forth in Jackson v. State, 516 So.2d 726, 753 (Ala.Cr.App.1985), remanded on other grounds. This Court stated that:
“A verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the reviewing court that it was wrong and unjust.”
The court further stated that there is presumption in favor of the jury verdict and that when the trial court denies a motion for new trial, the verdict is strengthened on appeal. Cf. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983). Moreover, this Court reviews the evidence in the light most favorable to the State and will not substitute its judgment for that of the jury. Atwell v. State, 432 So.2d 22 (Ala.Cr.App.1983); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).
A review of the evidence in this case convinces us that the State’s evidence was sufficient to sustain the jury verdict of conviction. The trial court’s judgment denying the motion for new trial and denying Richardson’s motion to exclude the evidence is due to be affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
AFFIRMED.
All Judges concur.

. Both sides stipulated that the patient was an adult in need of protective services as defined by the Act.