I dissent from the majority opinion remanding this case to the circuit court for specific, written findings of fact as to Snowden's contention that the trial court erroneously applied the "firearm-enhancement" provision set out in § 13A-5-6(a)(4), Ala. Code 1975, resulting in what he claims is an illegal sentence.
I have examined the record, including Snowden's Rule 32, Ala.R.Crim.P., petition. In his petition, Snowden claims that the trial court erroneously applied the firearm enhancement in § 13A-5-6(a)(4); thus, he argues, the court's action rendered his guilty plea involuntary and his sentence illegal.
Snowden's claims are without merit. Any challenge to the voluntariness of his guilty plea is procedurally barred. On November 6, 1997, Snowden pleaded guilty to one count of first-degree robbery. Snowden's plea was entered as a result of a negotiated plea agreement that advised him the firearm-enhancement provision would apply to his conviction. Snowden had until December 18, 1997, to appeal his conviction; however, no direct appeal was taken.[2] Based on the provisions of Rule 32.2(c), Ala.R.Crim.P., any petition for postconviction relief challenging the voluntariness of his guilty plea would have to have been filed on or before December 18, 1999. Snowden did not file the instant Rule 32 petition until August 13, 2001. Thus, Snowden's contention that his plea was involuntary is precluded under Rule 32.2(c).
Snowden's claim that his sentence is illegal because it exceeds the maximum authorized by law or is otherwise not authorized by law is likewise without merit. Snowden pleaded guilty to first-degree robbery, a Class A felony. See § 13A-8-41, Ala. Code 1975. The range of punishment for a Class A felony is imprisonment "for life or not more than 99 years or less than 10 years." § 13A-5-6(a)(1), Ala. Code 1975. Because Snowden's 20-year sentence is within the range of punishment provided by statute, his sentence does not exceed the maximum authorized by law. Therefore, Snowden's sentence is not illegal. See Garner v.State; 606 So.2d 177 (Ala.Crim.App. 1992), and Harris v. State,500 So.2d 1292 (Ala.Crim.App. 1986) (both cases holding that where a trial judge imposes a sentence within the statutory range of punishment, the appellate court will not review that sentence).
Based on the foregoing, I would affirm the circuit court's denial of Snowden's petition. Therefore, I must dissent.
McMILLAN, P.J., concurs.
[2] Snowden contends that he did appeal from his conviction. However, we have reviewed our records and have determined that no direct appeal of Snowden's conviction was filed with this Court. See Hull v. State,607 So.2d 369, 371 (Ala.Crim.App. 1992) (this Court may take judicial notice of its own records). *Page 27